955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael LEVARIO, Defendant-Appellant.
 No. 91-1767.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr. Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Michael Levario appeals his sentence for conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Levario pled guilty and the court sentenced him to one year and ten months imprisonment and three years of supervised release. The court also ordered Levario to pay a $5,000 fine.
 
 
 2
 The indictment charged that Michael Levario and Raul Servantes supplied marijuana to Michael's brother, Ruben Levario, and others, between September 25, 1990, and December 19, 1990. An undercover officer bought marijuana from Ruben on several occasions beginning in September 1990. Ruben initially refused to disclose details about his source, referring to the source only as "Michael." In December, the agent arranged for a much larger purchase of ten pounds of marijuana. When the officer arrived at the December 19 meeting, Ruben Levario said that his "source" had not arrived and that the officer should come back in one-half hour. The agent left as instructed and then returned shortly thereafter, at which time Ruben introduced his brother to the agent and indicated that he was the "source." Michael Levario brought the marijuana to the officer's car. Police arrested Michael and Servantes immediately thereafter. A search incident to the arrest revealed a loaded .22 caliber pistol in the car Servantes drove to the meeting.
 
 
 3
 Michael Levario makes two arguments on appeal. First, Levario claims that he was entitled to a two-point reduction for acceptance of responsibility because he pled guilty and admitted that he was responsible for the ten pounds of marijuana sold on December 19, 1990. The district court denied the reduction for acceptance of responsibility because it found that Levario had attempted to mislead the court by minimizing his role in the conspiracy. Second, Levario appeals the two-point enhancement of his sentence for use of a firearm in a drug trafficking offense.
 
 
 4
 The sentencing matters appealed by Levario are reviewed under a clearly erroneous standard. United States v. Christoph, 904 F.2d 1036, 1040-41 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The district court's acceptance of responsibility finding under section 3E1.1 of the federal sentencing guidelines must be upheld "unless it is without foundation." Id. at 1041. See also United States Sentencing Comm'n, Guidelines Manual § 3E1.1. The court did not commit clear error when it rejected Levario's request for a reduction for acceptance of responsibility. The cumulation of evidence and testimony provide a sufficient foundation for the court's acceptance of responsibility determination. Simply because Levario pled guilty to the charges does not mean that he deserves a reduction for acceptance for responsibility. Christoph, 904 F.2d at 1040. See also United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1984). Levario claims that because his family calls him "Mitch" rather than Michael, this proves that he could not have been the "source" for the drugs prior to December 19. Other evidence, however, established that 1) Michael Levario and Raul Servantes brought the marijuana to the location arranged for on the December 19 sale and 2) Ruben introduced Michael as the "source" to the undercover agent. The court was not clearly erroneous in finding Levario's testimony at his plea hearing was less credible than other evidence that indicated he was "the source." A preponderance of evidence did not support Levario's request for a departure based on acceptance of responsibility and we affirm the court's determination in this regard.
 
 
 5
 Levario also argues that the court improperly enhanced his sentence by two points for firearm possession during the commission of a drug offense, pursuant to section 2D1.1(b)(1) of the federal sentencing guidelines. Sentencing Guidelines, § 2D1.1(b)(1). According to Levario, the court erred because it did not explicitly address the firearm enhancement issue in its tentative findings or in open court at the sentencing proceeding.
 
 
 6
 A court violates Fed.R.Crim.P. 32(c)(3)(D) if it does not respond to disputed allegations in the pre-sentence report. Here, however, the court was not "silent" on the issue of Levario's firearm enhancement. U.S. v. Herrera, 928 F.2d 769, 772 (6th Cir.1991). The court made clear in its tentative findings, prior to the sentencing hearing, that it had studied the probation officer's report, which did address the firearm enhancement point. The court stated that it felt the report was based on reliable evidence. Levario did not raise any new issues at the sentencing hearing that were not already before the court when it made its tentative findings in support of the probation officer's report. The court, at the sentencing hearing, reiterated its earlier, tentative conclusion that it would abide by the probation officer's report because it was based on reliable evidence:
 
 
 7
 [T]aking that point into account and all of the various information counsel has provided here on the objected to items, I will determine finally at this point, in concert with my letter of May 24th indicating the tentative findings, that the information that was assembled by the probation officer in fact was based on reliable evidence.
 
 
 8
 A trial court may adopt the pre-sentence report as its own finding. United States v. Wilson, 920 F.2d 1290, 1295 (6th Cir.1990).
 
 
 9
 Section 1B1.3(a)(1) of the Sentencing Guidelines requires a sentencing court to consider the conduct of co-conspirators "in furtherance of the execution of a jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." United States v. Sanchez, 928 F.2d 1450, 1459 (6th Cir.1991). See also Williams, 894 F.2d at 212. The probation officer in the pre-sentencing report stated that "[b]ased on Relevant Conduct provisions and the belief that defendant was Ruben Levario's drug source," the firearm enhancement was appropriate. We agree. Levario's counsel stated that Levario did not know Servantes had a weapon. This unsworn assertion, made at the sentencing hearing, and unsupported by evidence, is immaterial. We have already found that it is reasonably foreseeable, in drug conspiracy situations, that a conspirator will bring a firearm to a drug transaction. United States v. Christian, 942 F.2d 363, 368 (6th Cir.1991). See also United States v. Martinez, 924 F.2d 209, 210 (11th Cir.), cert. denied, 112 S.Ct. 203 (1991). The probation officer, and the court, through its adoption of the probation officer's findings, concluded that a preponderance of evidence demonstrated Michael was the "source." Once the court reached this conclusion, the court could correctly determine that Levario was part of an ongoing conspiracy with Raul Servantes to distribute drugs and not simply a one-time participant in the December 19 transaction. Consequently, we find that the two-point enhancement for firearm possession was not improper.
 
 
 10
 We affirm the judgment of the district court.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation