**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rolando OTERO, a/k/a Rawleigh**
**Otero, Defendant–Appellant.**

**No. 89–3077**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1989.

Laurel W. Marc–Charles, Richard and Richard, The Four Ambassadors, Miami, Fla., for defendant-appellant.

Robert W. Genzman, U.S. Atty., Dennis I. Moore, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before VANCE, CLARK and EDMONDSON, Circuit Judges.

PER CURIAM:

Rolando Otero pleaded guilty to cocaine possession and conspiracy charges. Under the Sentencing Guidelines, Otero's base offense level was 32 [1]; the district court increased Otero's offense level by two points under Section 2D1.1(b) of the Guidelines for firearm possession and by two points under Section 3B1.1 for Otero's aggravating role in the crime. The sentencing judge also reduced Otero's level by two points because he accepted responsibility for his actions. Otero's final offense level was therefore 34; the sentence range for this level is 151 to 188 months of incarceration. Otero received the minimum term, 151 months.

First, Otero challenges the two-point enhancement of his sentence for firearm possession. Otero argues that because his co-conspirator Perera possessed the firearm and he, Otero, was unaware of the weapon's presence during the crime, the enhancement provision is inapplicable. The section provides "If a firearm or other dangerous weapon was possessed during the commission of the [drug offense], increase by 2 levels." Sentencing Guidelines Section 2D1.1(b).

Sentence enhancement for a co-conspirator's firearms possession is proper if three conditions are met: first, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearms possession. *United States v. Missick*, 875 F.2d 1294, 1301–02 (7th Cir.1989) (*citing Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)). Otero's case meets this test: Perera and Otero were charged as co-conspirators; Perera pleaded guilty to possession of a firearm

during commission of the drug offense for which Otero was charged; and Otero was a member of the conspiracy when Perera possessed the weapon.

Second, Otero challenges the two-point enhancement of his sentence for his aggravating role in the crime. Guideline Section 3B1.1(a) provides "If the defendant was an organizer, leader, manager or supervisor in any criminal activity [that was not extensive and involved fewer than five participants,] increase by 2 levels." Otero found a seller, set the price of the drug, and determined a time and a location for the sale. Because Otero engaged in these activities, we cannot say that the trial court clearly erred in determining that 3B1.1(a) applied to Otero's sentence. *See United States v. Barreto*, 871 F.2d 511 (5th Cir. 1989).

Otero bases his last argument on a statement that the sentencing judge made at the sentencing hearing. He argues that the judge believed that she had absolutely no discretion to depart from the sentencing range provided by the Guidelines—in any circumstances whatever—and, thus, her application of the Guidelines was error. *See* Guidelines Section 5K2.0 (downward departure from sentence range within the discretion of the trial judge). She said, "I think a downward departure in this situation would be appealed by the Government, I would expect it, and I would be reversed. I don't think it is a proper basis whatsoever under my interpretation of these Guidelines." We do not understand this statement as a declaration that discretion to depart from the Guideline sentence range is inappropriate in any conceivable case. This statement indicates to us that the judge felt that a downward departure was inappropriate in this case.

AFFIRMED.

---

**1.** Otero pleaded guilty to possessing a kilogram of cocaine and to conspiring to possess with intent to distribute some four kilograms of the drug. Under Guideline Section 2D1.1(a)(3) and the table entry corresponding to 5–14.9 kg. of cocaine, Otero's base offense level was correctly calculated to be 32.