**UNITED STATES of America**

v.

**Robert PAGE.**

**Cr. No. 88–035–T.**

United States District Court, D. Rhode Island.

Aug. 21, 1992.

Craig Moore, Providence, R.I., for plaintiff.

Charles Rogers, Providence, R.I., for defendant.

### ORDER

TORRES, District Judge.

The Report and Recommendation of United States Magistrate Judge Jacob Hagopian filed on February 4, 1992, is accepted pursuant to Title 28, United States Code, Section 636(b)(1). No objection has been timely filed, and the time for objecting has expired.

### FINDINGS AND RECOMMENDATION

HAGOPIAN, United States Magistrate Judge.

The Defendant, Robert Page, stands convicted on his plea of guilty to conspiracy and attempt to possess with intent to distribute cocaine in violation of Title 21 U.S.C. § 846. He was sentenced to a term of confinement for ninety-four (94) months

and accessory punishments on May 1, 1989. He did not appeal his conviction.

The Defendant, Robert Page, has now filed a petition pursuant to Title 28 U.S.C. § 2255 seeking to have the Court reduce the sentence imposed following his plea of guilty. He argues that the Court improperly assessed a two point increase against him in the offense level based on the conduct of his Co-conspirator, Edward Feijo, who was carrying a gun at the time of the offense. He asks the Court to vacate his sentence of ninety-four (94) months and impose a "corrected sentence" which does not include the enhancement for carrying the weapon during a drug offense. I find that the relief sought should be denied.

First, Defendant may not pursue under Section 2255 a claim, as here, which should have been raised in an appeal from his sentence. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). He failed to appeal his conviction and again fails to show good cause for not appealing this Court's applications of the guidelines. In any event, his claim is without merit. The Government correctly urges that a defendant involved in a drug trafficking conspiracy is properly chargeable for sentencing purposes with a co-conspirator's possession of a weapon, inasmuch as it is a plainly foreseeable act in furtherance of such a conspiracy. *United States v. Garcia*, 909 F.2d 1346 (9th Cir. 1990); *United States v. Aguilera–Zapata*, 901 F.2d 1209, 1215 (5th Cir.1990); *United States v. Otero*, 890 F.2d 366 (11th Cir. 1989); *See also United States v. Bianco*, 922 F.2d 910 (1st Cir.1991).

The trial judge recognized that possession of a weapon by the Defendant's Co-conspirator could be considered as an aggravating factor in sentencing the accused. (Tr. at 23, May 1, 1989) Contrary to Petitioner's contention, the trial judge, however, did not treat the weapon possession by the Co-defendant as a sentencing factor

in imposing sentence on Petitioner. (Tr. at 24)

For the reasons mentioned, I find that Petitioner's application for relief should be denied.

 I so recommend.[1]

February 4, 1992.

---

1. Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).