The appellant, Larry Keith Williams, appeals from his conviction for conspiracy to distribute a controlled substance, in violation of § 13A-12-204, Code of Alabama 1975. The appellant was sentenced to 10 years' imprisonment which sentence included five years' enhancement pursuant to §13A-12-250, Code of Alabama 1975. The appellant was also fined $1,000 and was ordered to pay $1,000 to the victim's compensation fund.
The evidence adduced at trial tended to establish the following. Michael Hunt, a drug investigator, testified that on August 5, 1992, he was making drug purchases as an undercover agent. Hunt testified that a confidential informant was with him in a vehicle. Hunt stated that at 9:10 p.m., he saw the appellant in front of a store on Kirkman Lane in Baldwin County, Alabama. The appellant's codefendant, Chris Williams, approached Hunt's vehicle; Hunt told Williams that he wanted a $20 "rock" of cocaine and gave Williams $20. Hunt stated that he watched Williams walk over and talk to the appellant. He testified that the appellant and Williams were approximately 10 to 15 yards away from his vehicle and that he could clearly see what transpired between Williams and the appellant. He further stated that he saw Williams give money to the appellant and saw the appellant put "something" in Williams's left hand. Hunt testified that he saw Williams carry the item back to his vehicle and that when he reached the vehicle, he handed the item to Hunt. A State's expert witness identified the item as cocaine.
The appellant testified that he was a close friend of Williams's father and that he had known Williams from the time Williams was born, but that he did not have any agreement with Williams to sell cocaine. He stated that although it would not be unusual for him to talk to Williams, he did not provide Williams with any drugs to give to Hunt.
 I
The appellant argues that the State failed to prove a prima facie case of a conspiracy to distribute a controlled substance. Specifically, he argues that the State failed to prove an agreement between the appellant and Williams and that the State failed to establish that the appellant had the intent necessary to support a conspiracy conviction. We disagree.
Although this Court has held that the "mere association with persons involved in a criminal enterprise is insufficient to prove participation in a conspiracy," Greer v. State,563 So.2d 39, 41 (Ala.Crim.App. 1990), the State has proven other facts and circumstances that connect the accused to the commission of the crime. The appellant was seen by the undercover agent having a conversation with Williams. The appellant was seen by the undercover agent providing Williams with a substance that was later identified as cocaine. Circumstantial evidence may be used to establish the element of agreement in a charge for conspiracy. Deutcsh v. State, 610 So.2d 1212, 1234
(Ala.Crim.App. 1992). Likewise, circumstantial evidence may be used to establish intent when intent is an element of the charged offense. Oryang v. State, 642 So.2d 979 (Ala.Crim.App. 1993).
The evidence presented by the State of an agreement between the appellant and Williams was sufficient to establish a conspiracy *Page 957 
and to establish that the appellant intended to distribute a controlled substance.
 II
The appellant argues that the trial court erred in adding five years to his sentence pursuant to § 13A-12-250, Code of Alabama 1975. Specifically, he argues that that enhancement statute was not intended by the legislature to apply to a person convicted of a conspiracy to distribute a controlled substance, but applies only to persons convicted of selling a controlled substance within a three mile radius of a school. We agree that the § 13A-12-250 applies only to the sale or distribution of a controlled substance.
Section 13A-12-250, Code of Alabama 1975, provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.)
The appellant was convicted of conspiracy to distribute a controlled substance. The fundamental elements of conspiracy are the agreement between the conspirators to commit a crime and an overt act in furtherance of the agreement. See Wade v.State, 581 So.2d 1255 (Ala.Crim.App. 1991). Conspiracy does not require that the crime actually be committed. Calhoun v.State, 460 So.2d 268 (Ala.Crim.App. 1984). In this case, the offensive conduct was the appellant's agreement with Williams to distribute cocaine and his overt act in furtherance thereof. The appellant's sentence was not due to be enhanced for the actual sale of the controlled substance. The appellant was not charged with the unlawful sale or distribution of cocaine as required to invoke application of § 13A-12-250, given the plain language of the enhancement statute.
Section 13A-12-204(c), Code of Alabama 1975, provides: "A criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy." The sentence contemplated by § 13A-12-204(c) is the sentence imposed on one convicted of the substantive crime underlying the conspiracy. Section 13A-12-204(c) does not provide for the application of any enhancement provisions to that sentence, just as §13A-12-250 does not expressly provide for the enhancement of sentences for those convicted of a conspiracy to commit a controlled substance offense.
Therefore, we affirm the appellant's conviction for conspiracy to distribute a controlled substance, but we remand this case to the trial court for a new sentencing hearing at which the appellant is to be sentenced consistent with this opinion. Due return shall be made to this Court within 60 days from the date of the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.*
All the Judges concur.
BOWEN, P.J., concurs specially with opinion.
* Note from the Reporter of Decisions: The Court of Criminal Appeals on March 3, 1995, affirmed on return to remand, without opinion, and on April 14, 1995, it denied rehearing. On June 30, 1995, the Alabama Supreme Court denied certiorari review, without opinion (1941087).