PATTERSON, Judge.
David Mitchell Browder, Paul Lamar Stin-son, and Billy Alford Welch were each indicted, in alternative counts, for conspiracy to traffic in marijuana, trafficking in marijuana, and possession of marijuana. Their cases were consolidated for trial. Pursuant to a jury trial, all three were convicted. Browder was convicted of conspiracy to traffic in marijuana and was sentenced to 30 years’ imprisonment; this term included five years’ enhancement because the trial court found that a firearm had been used in the commission of the offense. See § 13A-12-231(13), Code of Ala.1975. Stinson was convicted of trafficking in marijuana and was sentenced to 20 years’ imprisonment. Welch was convicted of conspiracy to traffic in marijuana and was sentenced to 35 years’ imprisonment; this term includes five years pursuant to § 13A-12-231(13). In addition to their prison sentences, each appellant was also ordered to pay a $25,500 fine, $50 to the victims’ compensation fund, and court costs. In an unpublished memorandum, we have today affirmed Stinson’s conviction and sentence, and *1107 Browder and Welch’s convictions. See Browder v. State, (No. CR-93-0780) — So.2d -(Ala.Cr.App.1996) (table). In this opinion, we address only the issue of whether the trial court erred by enhancing Browder and Welch’s sentences pursuant to § 13A-12-231(13). We conclude that the trial court did err.
Section 13A-12-23K13), Code of Ala.1975, states:
“Notwithstanding any provision of the law to the contrary, any person who has possession of a firearm during the commission of any act 'proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand- dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence.”
(Emphasis added.) This section is analogous to the sentence enhancement provision found in § 13A-12-250, Code of Ala.1975 (requiring a five-year sentence enhancement in eases where the defendant is convicted of the sale of a controlled substance within three miles of an educational institution).
In Williams v. State, 665 So.2d 955 (Ala.Cr.App.1994), the appellant was convicted of conspiracy to distribute a controlled substance and his sentence was enhanced pursuant to § 13A-12-250. Remanding the case for a new sentencing hearing, this court wrote:
“The appellant was convicted of conspiracy to distribute a controlled substance. The fundamental elements of conspiracy are the agreement between the conspirators to commit a crime and an overt act in furtherance of the agreement. See Wade v. State, 581 So.2d 1255 (Ala.Cr.App.1991). Conspiracy does not require that the crime actually be committed. Calhoun v. State, 460 So.2d 268 (Ala.Cr.App.1984). In this ease, the offensive conduct was the appellant’s agreement with [the appellant] to distribute cocaine and his overt act in furtherance thereof. The appellant’s sentence was not due to be enhanced for the actual sale of the controlled substance. The appellant was not charged with the unlawful sale or distribution of cocaine as required to invoke application of § 13A-12-250, given the plain language of the enhancement statute.
“Section 13A-12-240(c), Code of Alabama 1975, provides: ‘A criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy.’ The sentence contemplated by § 13A-12-204(c) is the sentence imposed on one convicted of the substantive crime underlying the conspiracy. Section 13A-12-204(c) does not provide for the application of any enhancement provisions to that sentence, just as § 13A-12-250 does not expressly provide for the enhancement of sentences for those convicted of a conspiracy to commit a controlled substance offense.”
665 So.2d at 957. The rationale of Williams applies to this case. Browder and Welch were convicted of conspiracy to traffic in marijuana, not of the substantive crime. Section 13A-12-231(13) may be applied only to enhance the sentences of defendants convicted of the substantive crime. Therefore, we remand Browder and Welch’s cases to the trial court for a new sentencing hearing where they shall be sentenced in accordance with this opinion.
AFFIRMED AS TO STINSON’S CONVICTION AND SENTENCE (CC-93-1049); AFFIRMED AS TO BROWDER AND WELCH’S CONVICTIONS (CC-93-1051 AND CC-93-1052); REMANDED AS TO BROWDER AND WELCH’S SENTENCES (CC-93-1051 AND CC-93-1052).
ALL JUDGES CONCUR.

On Return from Remand

PATTERSON, Judge.
This court previously affirmed, by unpublished memorandum: David Mitchell Brow-der’s conviction for conspiracy to traffic in marijuana, Paul Lamar Stinson’s conviction for trafficking marijuana and his subsequent sentence to 20 years’ imprisonment, and Billy Alford Welch’s conviction for conspiracy to traffic in marijuana. Browder v. State, (No. CR-93-0780, January 19, 1996) - So.2d - (Ala.Cr.App.1996) (table). In a separate, published opinion, Browder v. State, 728 *1108 So.2d 1106 (Ala.Cr.App.1996), we reversed Browder and Welch’s sentences, because the trial court improperly enhanced their sentences by five years for their alleged possession of a firearm during the offense. See § 13A-12-231Q3), Code of Alabama 1975.
We remanded the cause to the trial court to resentence Browder and Welch in accordance with the rationale expressed in Williams v. State, 665 So.2d 955 (Ala.Cr.App.1994) (holding that § 13A-12-231(13) does not apply in convictions for conspiracy to commit a crime). On return to remand, the record shows that the trial court conducted a new sentencing hearing on March 20, 1996, wherein it “deleted the firearms enhancement” from Browder and Welch’s sentences. Browder and Welch’s amended sentences ... to terms of 25 and 30 years’ imprisonment, respectively ... are within the statutorily prescribed range, and are, therefore, affirmed.
AFFIRMED. *
ALL JUDGES CONCUR.

 Note from the reporter of decisions: On July 3, 1996, the Court of Criminal Appeals made the following entry on the docket sheet for case no. CR-93-0780: "Appellant Browder’s Rule 39(k) motion denied; application for rehearing overruled. Appellant Stinson’s Rule 39(k) motion denied; application for rehearing granted. Appellant Welch’s Rule 39(k) motion denied; application for rehearing granted. State's application for rehearing overruled. [Unpublished] memorandum extended [in regard to Stinson and Welch]; affirmed.” (On January 19, 1996, the Court of Criminal Appeals had issued an unpublished memorandum, as well as an opinion.)