728 So.2d 1108 (1997)
Ex parte State of Alabama.
Re David Mitchell BROWDER, Paul Lamar Stinson, and Billy Alford Welch
v.
STATE of Alabama.
1951737.
Supreme Court of Alabama.
May 2, 1997.
As Modified on Denial of Rehearing November 14, 1997.
*1109 Bill Pryor, atty. gen., and Thomas F. Parker IV, deputy atty. gen., for petitioner (on original submission).
Richard D. Horne, Mobile, for David Mitchell Browder (on original submission and on application for rehearing).
W. Lloyd Copeland of Clark, Deen & Copeland, Mobile, for Billy Alford Welch (on original submission and on application for rehearing).
No brief filed for petitioner (on application for rehearing).
HOOPER, Chief Justice.
This Court granted the State's certiorari petition to review the judgment of the Court of Criminal Appeals reversing the sentences of David Mitchell Browder and Billy Alford Welch for their convictions of the crime of conspiracy to traffic in marijuana.[1] (The defendant Paul Lamar Stinson is not involved in this certiorari review.) We reverse that judgment of the Court of Criminal Appeals and remand for that court to order the trial court to determine (1) whether under Alabama law, as discussed below, either Browder or Welch "possessed" a firearm for the purposes of the firearm enhancement statute, and (2) if the trial court determines that one conspirator possessed a firearm or firearms, whether under the three-part test we adopt today from United States v. Otero, 890 F.2d 366 (11th Cir.1989), the sentence of the other conspirator can be enhanced because of his status as a coconspirator. The trial court should hold a hearing on these issues.

Facts
David Mitchell Browder, Billy Alford Welch, and Paul Lamar Stinson were indicted, in alternative counts, for conspiracy to traffic in marijuana, trafficking in marijuana, and possession of marijuana. Their cases were consolidated for trial. Pursuant to a jury trial, each of them was convicted. Browder was convicted of conspiracy to traffic in marijuana and was sentenced to 30 years' imprisonment; this term included five years' sentence enhancement for possessing a firearm during the commission of the offense, pursuant to § 13A-12-231(13), Ala. Code 1975. Welch was convicted of conspiracy to traffic in marijuana and was sentenced to 35 years' imprisonment; this term also included five years' sentence enhancement pursuant to § 13A-12-231(13). Stinson was convicted of trafficking in marijuana and was sentenced to 20 years' imprisonment; Stinson's sentence was not enhanced by the firearm provision. The three defendants appealed together to the Court of Criminal Appeals, raising many issues, several of which overlapped.
The Court of Criminal Appeals on January 19, 1996, issued an unpublished memorandum regarding some aspect of each defendant's case (No. CR-93-0780, January 19, 1996) ___ So.2d ___ (Ala.Crim.App.1996) (table). Also on January 19, 1996, the Court of Criminal Appeals issued an opinion in their appeal. By that opinion, it affirmed Stinson's conviction and sentence; by that same opinion it *1110 affirmed Welch and Browder's convictions, but remanded their cases to the trial court for a new sentencing hearing.[2] The Court of Criminal Appeals held that the trial court had incorrectly enhanced the sentence of the conspirators Browder and Welch by applying the firearm enhancement provision of § 13A-12-231(13). On January 31, 1997, this Court denied Stinson's petition for certiorari review, without opinion (docket no. 1960036); in that certiorari petition Stinson did not challenge his sentence. The Court of Criminal Appeals remanded Browder and Welch's cases for resentencing; on remand, the trial court entered new sentences for those two defendants, without the firearm enhancement. The Court of Criminal Appeals affirmed the new sentences on return from remand, by a new opinion dated May 10, 1996.
The State's certiorari petition raises an issue of first impression: whether the firearm enhancement provision in § 13A-12-231(13) should apply to the crime of conspiracy to traffic in marijuana, set out in Ala.Code 1975, § 13A-12-204(c). We hold that the firearm enhancement statute, § 13A-12-231(13), may be applied not only to enhance the sentence of one convicted of the substantive crime of distributing controlled substances, but also to enhance the sentence of one convicted of the crime of conspiring to distribute a controlled substance (§ 13A-12-204).

Analysis

A. The Court of Criminal Appeals' application of Williams v. State.
The Court of Criminal Appeals, relying on Williams v. State, 665 So.2d 955 (Ala. Cr.App.1994), stated:
"The rationale of Williams applies to this case. Browder and Welch were convicted of conspiracy to traffic in marijuana, not of the substantive crime. Section 13A-12-231(13) may be applied only to enhance the sentences of defendants convicted of the substantive crime."
Browder v. State, 728 So.2d 1106, 1107 (Ala. Cr.App.1996). We hold otherwise.
The Williams case dealt with Ala.Code 1975, § 13A-12-250. That section deals only with the "sale" of a controlled substance within particular zones:
"In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
In keeping with the plain language of the statute, this Court has held that a defendant convicted of conspiring to sell drugs within the stated zones could not be punished by the five-year enhancement of § 13A-12-250. Ex parte Mutrie, 658 So.2d 347 (Ala.1993); see also Williams, supra. The language of § 13A-12-250 is clearit cannot be applied to one convicted of conspiring to sell a controlled substance. The firearm enhancement statute, § 13A-12-231(13), on the other hand, is not limited by its language to a "sale." The conspiracy statute, § 13A-12-204(c), specifically provides that a "conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy."
Section 13A-12-231(13), the firearm enhancement provision applicable to the crime of trafficking in controlled substances, reads as follows:
"(13) Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of *1111 twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."
(Emphasis added.) Section 13A-12-204(c) states that "[a] criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy." The object of Browder and Welch's conspiracy was trafficking in cannabis, a controlled substance crime. Part of the punishment for this particular controlled substance crime is provided by the firearm enhancement provision of § 13A-12-231(13). Section 13A-12-204 has incorporated, without any limitation, the punishment of § 13A-12-231, for any conspiracy that has as its object a crime subject to § 13A-12-231. The legislature has from time to time modified the punishment set out in § 13A-12-231 (one modification adding the firearm enhancement provision of subsection (13)), but as it has modified § 13A-12-231 it has not seen fit to limit the punishment that § 13A-12-204(c) incorporates for the crime of conspiracy. Therefore, the firearm enhancement provision of § 13A-12-231 applies to a defendant convicted of the conspiracy offense.

B. Did Welch or Browder have "possession" of a firearm, within the meaning of § 13A-12-231(13)?
Section 13A-12-231(13) provides that any person "who has possession of a firearm during the commission of any act proscribed by this section" shall be subject to the five-year sentence enhancement. Did Browder and Welch have "possession of a firearm" so as to invoke the sentence enhancement?
At the original sentencing hearing for Browder, the trial court ruled as follows:
"And the Court also imposes an additional five-year sentence under the Firearms Enhancement Statute ... because the Court finds that thethat a firearm or firearms were used during the course of the conspiracy to traffic in marijuana."
(C.R. 2307.) At the original sentencing hearing for Welch, the trial court ruled as follows:
"The Court also specifically finds that the use of firearms were involved in the conspiracy to traffic in marijuana, primarily based on the [Mossberg] shotgun found in the house or residence in Autauga County because I don't think that gun can be reasonably construed to be a hunting weapon."
(C.R. 2305.)[3] Although Welch and Browder argued that the Autauga County residence was a hunting camp and that the guns were in the house only to be used for hunting, the trial judge determined that, at least in the case of the Mossberg shotgun, the weapon was "used" in the conspiracy. The trial court did not make a finding on the issue of whether either Browder or Welch "possessed" the guns. We, therefore, remand this case to the Court of Criminal Appeals for that court to order a hearing to determine whether either of these defendants "possessed" any of the weapons in furtherance of the conspiracy.
In Ynosencio v. State, 629 So.2d 795 (Ala. Cr.App.1993), the defendant Ynosencio appealed both as to his conviction and as to the five-year enhancement of his sentence under § 13A-12-231(13) for trafficking in cannabis. The firearm that was the basis for Ynosencio's sentence enhancement was discovered during a warrantless search of a locked toolbox in his truck. The toolbox had two compartments. The officer who searched Ynosencio found, inside the compartments, large quantities of marijuana and a tote bag that contained a semi-automatic pistol.
The Court of Criminal Appeals affirmed Ynosencio's conviction and his sentence. In affirming the sentence, that court interpreted the word "possession" as it is used in § 13A-12-231(13):

*1112 "We have not been directed to a single case that has dealt with the meaning of the word `possession' as it is used in § 13A-12-231(13). It is clear, however, throughout § 13A-12-231, that the legislature has generally sought to curb the `actual or constructive possession' of narcotics. We find that the word `possession' as used in § 13A-12-231(13) includes both actual [and] constructive possession of a firearm in its definition.
"We believe that the legislature's primary purpose in enacting the firearm statute was to alleviate the inherent danger that arises whenever narcotics and firearms are brought together. Obviously, firearms are dangerous when they are in the actual possession of a narcotics trafficker. Yet, they are just as dangerous when they are in the trafficker's constructive possession. The fact that a firearm is temporarily being stored in a trafficker's glove compartment, desk drawer, or in this case, locked toolbox, makes the firearm no less dangerous. The firearm is still capable of being used by the trafficker. Thus, we believe that the legislature intended for the word `possession' as found in the firearms enhancement statute to mean both actual [and] constructive possession."
629 So.2d at 798. We agree that the statute was meant to encompass both actual and constructive possession of a firearm. The trial court should take that factor into consideration when determining whether Browder and Welch possessed any of the firearms found in the Autauga County house.

C. If the trial court finds that one of these two conspirators possessed the firearm or firearms and that the other did not, can the trial court enhance the sentence of the one who did not on the basis of his coconspirator's possession of a firearm during the conspiracy?
Now, on a matter of first impression in Alabama, we hold that if the trial court determines on remand that one of these two conspirators possessed a firearm or firearms in furtherance of the conspiracy but that the other one did not, then the trial court still may enhance the sentence of the other because of his culpability as a coconspirator.
Since 1989, the Eleventh Circuit Court of Appeals, under its sentencing guidelines, has permitted a conspirator's sentence to be enhanced based on a coconspirator's possession of a firearm. See United States v. Otero, 890 F.2d 366 (11th Cir.1989); see also United States v. Luiz, 102 F.3d 466 (11th Cir.1996). In Otero, the Eleventh Circuit Court of Appeals held that the defendant's sentence for cocaine possession and conspiracy to possess with the intent to distribute cocaine had been properly enhanced under Section 2D1.1(b) of the Federal Sentencing Guidelines, based on his coconspirator's possession of a firearm. In affirming the sentence, the court restated a loosely constructed three-pronged test[4] for determining whether a sentence enhancement based on a coconspirator's possession of a firearm is proper:
"[F]irst, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearms possession."
Otero, 890 F.2d 366, at 367. We adopt this test as a useful method for determining whether a defendant is to be found to constructively possess a firearm on the basis that his coconspirator possesses a firearm. If it finds that one conspirator possessed the firearm, under the constructive-possession rationale of Ynosencio, then the trial court should determine whether to enhance the sentence of the other conspirator, by applying the three-pronged test from Otero.
Accordingly, we reverse the judgment of the Court of Criminal Appeals affirming the new sentences of Browder and Welch. We remand the case for the Court of Criminal Appeals to order hearings in the trial court for the trial court to determine whether either *1113 Welch or Browder "possessed" the firearm or firearms in question. The trial court shall use the three-pronged Otero test to determine whether the sentence of a coconspirator who did not "actually possess" the firearm or firearms should be enhanced.
SENTENCES OF DEFENDANTS BROWDER AND WELCH REVERSED AND CASE REMANDED AS TO THOSE TWO DEFENDANTS.
MADDOX, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
ALMON and COOK, JJ., dissent.
COOK, Justice (dissenting).
I respectfully dissent. I disagree with the majority's holding that the firearm enhancement statute, § 13A-12-231(13), Ala.Code 1975, which applies to the substantive crime of distributing controlled substances, may be extended to apply to the crime of conspiring to distribute a controlled substance under § 13A-12-204.
Section § 13A-12-231(13) states:
" (13) Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."
(Emphasis added.)
The plain language of § 13A-12-231(13) states only that the firearm enhancement statute is to be applied to acts proscribed by § 13A-12-231, the drug trafficking statute. Criminal conspiracy to commit a controlled substance crime is an act proscribed by § 13A-12-204, not § 13A-12-231. Because it is mandatory that an act be proscribed by § 13A-12-231 in order for the firearm enhancement provision to apply, and because criminal conspiracy is not proscribed by § 13A-12-231, the firearm enhancement provision does not apply to criminal conspiracy. Therefore, in keeping with the plain language of § 13A-12-231, I conclude that it is erroneous to apply the enhancement provision to criminal conspiracy convictions, which are proscribed by § 13A-12-204.
I would have affirmed the new sentences for defendants Browder and Welch, which did not include the firearm enhancement.
ALMON, J., concurs.
NOTES
[1] The opinion of the Court of Criminal Appeals does not specifically say the sentences were "reversed," but the effect of that opinion seems to be that the court intended to reverse them. The court held that the sentences were erroneous and remanded the case for resentencing.
[2] The Court of Criminal Appeals seems to have "affirmed" all three convictions by the unpublished memorandum on January 19, 1996the same day it also affirmed all three convictions by an opinion. The unpublished memorandum, like the opinion of the same date, also affirmed Stinson's sentence.
[3] Three guns were found in the Autauga County house, a rural house that was rented in Welch's name. The house was one of several alleged bases for the trafficking operation. A Mossberg shotgun was found in the proximity of what the trial judge referred to as a "peephole," maybe a "window that was blacked out or something." (C.R. 46.) A Browning shotgun and a Browning automatic rifle were taken from Welch's bedroom. As the guns were being carried away by the police, Welch asked, "Where are you going with my guns?" (C.R. 47.)
[4] The opinion that loosely adopted the threepronged test stated in Otero is United States v. Missick, 875 F.2d 1294, 1301-02 (7th Cir.1989) (citing Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).