On Remand from the Alabama Supreme Court

PATTERSON, Retired Appellate Judge.
David Mitchell Browder, Billy Alford Welch, and Paul Lamar Stinson were each indicted, in alternative counts, for conspiracy to traffic in marijuana, trafficking in marijuana, and possession of marijuana. Their cases were consolidated for a jury trial. Browder and Welch were convicted of the crime of conspiracy to traffic in marijuana. Ala.Code 1975 §§ 13A-12-204 and 13A-4-3. Browder was sentenced to 30 years’ imprisonment and Welch was sentenced to 35 years’ imprisonment. In addition, both were ordered to pay fines of $25,500; $50 to the crime victims compensation fund; and court costs. Their sentences included five years’ enhancement, pursuant to § 13A-12-231(13), because the trial court found that a firearm had been used in the commission of the offense. Stin-son was convicted of the crime of trafficking in marijuana, § 13A-12-231, and was sentenced to 20 years’ imprisonment; he was fined $25,500, and was ordered to pay $50 to the crime victims compensation fund and court costs. His sentence was not enhanced by the firearm provision. All three defendants appealed to this court, and on January 19, 1996, 728 So.2d 1106 (Ala.Cr.App.1996), we affirmed Stinson’s conviction and sentence, and affirmed Browder and Welch’s convictions, but remanded their cases to the trial court for a new sentencing hearing. We held, in reference to the sentencing of Brow-der and Welch, that the trial court erred in applying the enhancement provision of § 13A-12-231Q3), and we instructed the trial court to hold another hearing and to resen-tence them without applying the firearm enhancement provision. We concluded that the enhancement provision did not apply to a conviction for conspiracy to traffic in marijuana. The trial court complied with our order on remand: it held a hearing on March 20, 1996, and, without applying the enhancement provision, resentenced Browder to 25 years’ imprisonment instead of 30 and Welch to 30 years’ imprisonment instead of 35, and made due return to this court. Finding Browder and Welch’s sentences to be in order, we affirmed. 728 So.2d at 1107 (Ala.Cr.App.1996).
Browder and Welch petitioned the Alabama Supreme Court for certiorari review, and on January 24,1997, the court denied the petitions without an opinion. (Nos. 1951745 and 1960022, respectively.) Stinson also petitioned the Alabama Supreme Court for cer-tiorari review, and on January 31, 1997, that court denied his petition without an opinion. (No. 1960036). In his petition for a writ of certiorari, Stinson did not challenge his sentence.
The state petitioned the Alabama Supreme Court for certiorari review, seeking a review of this court’s judgment reversing Browder and Welch’s sentences and ordering new sentencing hearings on our finding that the -sentence enhancement provision of § 13A-12-231(13) did not apply to a conviction for conspiracy to traffic in marijuana. The Alabama Supreme Court granted the state’s petition, and reversed the judgment of this court. It held that “the firearm enhancement statute, § 13A-12-231(13), may be applied not only to enhance the sentence of one convicted of the substantive crime of distributing controlled substances, but also to enhance the sentence of one convicted of the crime of conspiring to distribute a controlled substance (§ 13A-12-204).” Browder v. State, 728 So.2d 1108, 1110 (Ala.1997). It remanded the case to this court with instructions that we again remand Browder and Welch’s cases to the trial court with orders that it hold an appropriate hearing to determine whether under Alabama law either Browder or Welch “possessed” a firearm during the course of the conspiracy for the purposes of § 13A-12-231(13), and, if so, whether under the three-pronged test of United States v. Otero, 890 F.2d 366 (11th Cir.1989), which the Alabama Supreme Court adopted, the sentence of the other conspirator should be enhanced because of his status as a coconspirator.
*1115 The Alabama Supreme Court interpreted the word “possession” as it is used in § 13A-12-231(13) to encompass both actual and constructive possession of a firearm.
“[W]e hold that if the trial court determines on remand that one of these two conspirators possessed a firearm or firearms in furtherance of during the conspiracy but that the other one did not, then the trial court still may enhance the sentence of the other because of his culpability as a coconspirator.”
728 So.2d at 1112.
Therefore, in accordance with the instructions of the Alabama Supreme Court in Browder, we reverse Browder and Welch’s sentences and remand their cases to the trial court with instructions to hold an appropriate hearing, with the appellants and their counsel present, to determine whether either Browder or Welch possessed a firearm or firearms during the course of the conspiracy. If the trial court determines that a firearm was used during the course of the conspiracy, it should apply the three-pronged Otero test to determine whether the sentence of a co-conspirator who did not actually possess the firearm or firearms should be enhanced. If the trial court should find that the sentence or sentences should be enhanced, it shall resentence accordingly.
The trial court shall take the necessary action to enable the circuit clerk to make due return to this court of the proceedings below, along with a transcript of any hearings, at the earliest possible time within 42 days of the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
BASCHAB, J., recuses.

On Return to Remand Following Remand from the Alabama Supreme Court

PATTERSON, Retired Appellate Judge.
On March 24, 1998, pursuant to directions from the Alabama Supreme Court,[1] Browder v. State, 728 So.2d 1108 (Ala. 1997), we remanded the cases of David Mitchell Browder and Billy Alford Welch[2] to the trial court with instructions to hold a hearing and to determine whether either Browder or Welch “possessed” any firearm during the course of the conspiracy to traffic in marijuana, for which they had been convicted. In making its determination, the trial court was to apply the holding in Ynosencio v. State, 629 So.2d 795, 798 (Ala.Crim.App. 1993), which construed the term “possession” .as used in § 13A-12-231(13). If the trial court determined that either Browder or Welch possessed a firearm during the commission of the offense, it was then to use the tree-pronged test set out in United States v. Otero, 890 F.2d 366 (11th Cir. 1989), adopted by the Alabama Supreme Court in its May 2, 1997, opinion, to determine whether the sentence of a coconspirator who did not actually possess the firearm should be enhanced. We also instructed the trial court that if it should find that, “in applying the rulings and instructions of the Alabama Supreme Court,” the sentences should be enhanced, it should sentence Browder and Welch accordingly. Browder v. State, 728 So.2d 1113 (Ala.Crim.App. 1998).
We held in Ynosencio hat “the word ‘possession’ as used in § 13A-12-231(13) includes both actual and constructive possession of a *1116 firearm” and “that the legislature intended for the word ‘possession’ as found in the firearms enhancement statute to mean both actual and constructive possession.” 629 So.2d at 798.
The three-pronged test set out in Otero for determining whether a sentence should be enhanced because a conspirator possessed a firearm is as follows:
“First, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearm’s possession.”
890 F.2d at 367.
In accordance with our instructions on remand, the trial court held another sentencing hearing, and after considering the arguments of counsel and the evidence presented at the hearing, as well as the evidence previously presented at trial, the trial court found that Browder and Welch were engaged in a conspiracy to traffic in marijuana and that both possessed firearms that had been used in furtherance of the conspiracy, during the course of the conspiracy, and during its continuation. Based on its findings, the trial court sentenced Browder and Welch to an additional five years’ imprisonment under §13A-12-231(13). The court has filed a proper return with this court reflecting the action taken, which includes a transcript of the proceedings. The trial court’s order reflecting its findings and sentencing is as follows:
“Based on the testimony from Lt. Charlie Jones, the court’s recollection of the testimony at the trial and the jury’s verdict, the court finds and determines Mr. Browder and Mr. Welch were engaged in a conspiracy to traffic in marijuana. A [Mossberg] shotgun was located in the house or camp house in Autauga County, Alabama. The [Mossberg] shotgun, which is a short-barreled shotgun, was found at or in close proximity to a doorway or a wall which had a peephole in it. Marijuana was being grown or cured at or near this house in Autauga County, Alabama. The court also finds from the testimony at the hearing on April 22, 1998, that a dock semi-automatic pistol was found at the residence of Mr. Browder, also a situs of the conspiracy. The conspiracy essentially terminated with the arrest of the three defendants, who were convicted. The testimony reflects that during the course of the conspiracy, ... Mr. Browder and Mr. Welch were at the Autauga County, Alabama, house and that Mr. Browder was at his residence during the conspiracy. Based upon the testimony, the court specifically finds that Billy Welch was in either actual or constructive possession of the [Mossberg] shotgun during the course of the conspiracy. The court finds from the testimony that during the course of the conspiracy, that David Browder was in actual or constructive possession of the dock pistol. Therefore, the mandatory sentence enhancement is' due to be applied to each defendant. The court is not basing the enhancement on the possession of any long guns, because the court [takes judicial notice of the fact] that long guns are not typically employed with the drug trade.
“Based upon the order of remand and the specific findings that the court made on April 22, 1998 [at the hearing on remand], the court hereby imposes on Billy Alford Welch an additional five (5) year sentence for the firearm enhancement under the relevant statute and that sentence is not to be probated in accordance with the dictates of the statute.
“Based upon its findings, the court hereby imposes on David Mitchell Browder the mandatory five-year enhancement for possession of the firearm during the course of the conspiracy. That sentence is not to be probated.”
These findings reiterate the trial court’s oral findings at the hearing on remand. (See R. 19-20.) The trial court made additional findings relative to the possession and use of firearms by Browder and Welch during the course of and in furtherance of the conspiracy; those findings are set out in the transcript of the trial, as well as in the case action summaries. The trial court made the specific finding at the original sentencing *1117 that “the use of firearms [was] involved in the conspiracy to traffic in marijuana, primarily based on the [Mossberg] shotgun found in the house or residence in Autauga County because I don’t think that gun can be reasonably construed to be hunting weapon.” (R. 2305.) In the case action summaries, the trial court entered findings as to both Brow-der and Welch on January 28, 1994, as follows: “The court expressly finds that the conspiracy to traffic in marijuana involved the use of a firearm, specifically a [Moss-berg] 12-gauge short-barreled shotgun.” (Supp. R.I, pp. 7 and 11.)
On return to remand, we allowed the parties to file additional briefs addressing the question of the applicability of the firearms enhancement provision. In their briefs, Browder and Welch raise two arguments. They contend that the findings of the trial court were insufficient to support imposing the firearms enhancement provision in § 13A-12-231(13). We do not agree. The findings of the trial court set out above clearly meet the requirements of Ynosencio, Ote-ro, and the instructions of the Alabama Supreme Court. Browder and Welch point to certain language in the order of the trial court on remand to support their contention, and ignore the findings in the record of the trial, hearing on remand, and the minute entries of the case action summaries, which also are proper findings of the trial court and as such must be considered. We have reviewed the records, and we conclude that they support the findings of the trial court. We note that the Alabama Supreme Court, in its opinion, noted that the trial court had found that the firearms “were used during” and “were involved in the conspiracy.” We agree with the state’s conclusion that “[a] short-barreled shotgun kept by a door with a peephole at a marijuana growing operation is obviously possessed in furtherance of the illegal pursuit.”
While the trial court’s order and this court’s instructions in remanding the case both could have been more artfully drafted, it is nonetheless clear that the trial court applied the correct law as instructed by the Supreme Court, and that the enhancement was proper and based on sufficient findings that were fully supported by the record.
Browder and Welch’s contention that the enhancement of their sentences pursuant to the firearms enhancement statute constituted double jeopardy, is without merit. The cases they rely upon to support this contention are factually distinguishable from the instant case.
The trial court’s judgment enhancing Browder and Welch’s sentences by sentencing each to an additional five years’ imprisonment, pursuant to the firearms enhancement statute, is due to be, and it is hereby, affirmed. Thus, Browder’s sentence is 25 years’ imprisonment for his conviction for trafficking in marijuana plus 5 additional years’ imprisonment for possessing a firearm during the conspiracy and using it in furtherance of it, for a total sentence of 30 years. Welch’s sentence is 30 years’ imprisonment for his conviction for trafficking in marijuana plus 5 additional years for possessing a firearm during the conspiracy and using it is furtherance of it, for a total sentence of 35 years.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED AS TO BROWDER’S AND WELCH’S SENTENCES.
LONG, P.J., and McMILLAN, COBB and BROWN, JJ., concur.
BASCHAB, J., recuses herself.

. On November 14, 1997, on application for rehearing, the Alabama Supreme Court modified its May 2, 1997, opinion. The modification changed the wording of the question for the trial court's determination on remand: from whether either defendant possessed any weapons “during the course of the conspiracy” to "whether either defendant possessed any weapons in furtherance of the conspiracy.”

. The other codefendant, Paul Lamar Stinson, is not involved in the present proceedings. His conviction and sentence for conspiracy to traffic in marijuana were affirmed by this court on January 19, 1996, by an unpublished memorandum and by a separate published opinion, 728 So.2d 1106 (Ala.Crim.App. 1996). The Alabama Supreme Court denied Stinson’s petition for cer-tiorari review on January 31, 1997, without opinion, (docket no. 1960036).