**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2850
_____

UNITED STATES OF AMERICA

v.

ANIBAL RODRIGUEZ, a/k/a Lou,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cr-00239-001)
District Judge:  Hon. Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 7, 2021
_____

Before:  SHWARTZ, NYGAARD, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 8, 2021)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Anibal "Lou" Rodriguez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and was sentenced to 240 months' imprisonment. Rodriguez appeals. His appellate counsel contends that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree and will grant the motion and affirm.

I

Rodriguez led a violent criminal conspiracy that distributed methamphetamine in and around Schuylkill County, Pennsylvania. In one instance, Rodriguez and his co-conspirators held a woman captive and took turns tasing her because she stole $900 from the conspiracy. Law enforcement later found four firearms at the location where this torture took place.

A grand jury returned an eight-count indictment against Rodriguez and three of his co-conspirators. The indictment charged Rodriguez with (1) one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846; (2) one count of distribution and possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B); and (3) four counts of aiding and abetting the distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1) and 18

2

U.S.C. § 2. Pursuant to a plea agreement, Rodriguez pleaded guilty to the conspiracy count and the Government agreed to dismiss the remaining counts.

The Probation Office then prepared a Presentence Investigation Report ("PSR"), which recommended a United States Sentencing Guidelines range of 360 months to life imprisonment, based on a total offense level of thirty-nine and a criminal history category of IV.

At sentencing, Rodriguez's counsel stated that, although Rodriguez had objections to the PSR,[1] "they were not viable objections . . . so [he] could not in good conscience file [them]." App. 39. The District Court nonetheless reduced the PSR's recommended Guidelines calculation by two levels because the Government could not prove that Rodriguez maintained a premises for the purpose of distributing methamphetamine. Consequently, Rodriguez's total offense level dropped to thirty-seven and his new Guidelines imprisonment range was 292 to 365 months. The Court then granted a downward departure, which resulted in a sentencing range of 235 to 292 months. Thereafter, the Court analyzed the sentencing factors under 18 U.S.C. § 3553(a) and imposed a sentence of 240 months' imprisonment, five years' supervised release, and a special assessment of $100.

Rodriguez's counsel appealed on Rodriguez's behalf and moved to withdraw, asserting that there are no nonfrivolous grounds for appeal.

---

[1] The record does not reveal Rodriguez's specific objections.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to [ensure] that indigent clients receive adequate and fair representation." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to <u>Anders</u> when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." Third Cir. L.A.R. 109.2(a). When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>Youla</u>, 241 F.3d at 300 (citing <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (2) explains why

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). Because Rodriguez did not object to any aspect of his conviction or sentence, we review for plain error. <u>United States v. Flores-Mejia</u>, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

those issues are frivolous, <u>Marvin</u>, 211 F.3d at 780-81.  If the <u>Anders</u> brief meets these requirements, it guides our review, and we need not scour the record.  See <u>Youla</u>, 241 F.3d at 301.

Counsel's <u>Anders</u> brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal.  First, the brief demonstrates a thorough examination of the record and identifies three potentially nonfrivolous issues: (1) the District Court's jurisdiction, (2) the validity of Rodriguez's guilty plea, and (3) the reasonableness of Rodriguez's sentence.  Second, the brief explains why the District Court's jurisdiction was proper and why any challenge to the plea or sentence would be frivolous under the governing law.  Counsel's <u>Anders</u> brief is therefore sufficient, so we will review the issues it identified.

B

First, as Rodriguez's counsel explains, the District Court had jurisdiction to enter the judgment of conviction and sentence.  United States district courts have jurisdiction over offenses against the laws of the United States.  18 U.S.C. § 3231.  Rodriguez was convicted of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846, which is a federal offense.

Accordingly, there is no issue of arguable merit concerning the District Court's jurisdiction.[3]

Second, Rodriguez's guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[4]  During Rodriguez's plea hearing, the District Court placed Rodriguez under oath, questioned him in open court, explained that false answers could subject him to prosecution for perjury, and confirmed his competence.  The Court also reviewed his constitutional rights, including (a) his right to plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena

---

[3] Rodriguez's counsel also correctly notes that venue was proper in the United States District Court for the Middle District of Pennsylvania pursuant to 18 U.S.C. § 3237(a) because the acts in furtherance of the conspiracy occurred in Schuylkill County within the Middle District of Pennsylvania.  See United States v. Auernheimer, 748 F.3d 525, 533 (3d Cir. 2014) ("Venue would be proper in any district where the [federal law] violation occurred, or wherever any of the acts in furtherance of the conspiracy took place.").

[4] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing.  Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).  Accordingly, Rule 11 requires that a district court advise the defendant of, among other things,

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quotation marks, alterations, and citations omitted).  A district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."  Id. at 203.

6

witnesses; (b) his right to testify or not testify at trial; and (c) his right to be presumed innocent by the jury unless the Government proved his guilt beyond a reasonable doubt. The Court also informed Rodriguez of the penalties he faced, explained the Sentencing Guidelines, and described other consequences of his plea. Finally, the record shows that there was a factual basis for the plea. Because the plea complied with the Constitution and Rule 11 and the record supports the Court's finding that the plea was knowing and voluntary, there is no issue of arguable merit concerning the plea's validity.

Finally, Rodriguez's sentence was procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

The District Court fulfilled these requirements. First, the Court's Guidelines calculation was supported by the facts and law. Second, the Court granted a departure. Third, the Court gave "rational and meaningful" consideration to the § 3553(a) factors. See Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Specifically, the Court considered Rodriguez's background, noting that he was twenty-eight years old with a "virtually non-existent" employment history and drug and domestic violence convictions. App. 51-52. The Court also considered the nature and circumstances of the offense, observing that Rodriguez was "involved in at

7

least 500 grams of methamphetamine distribution," while on supervision for another offense, and that he used violence in connection with the drug organization's activities. App. 51-52. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. Given Rodriguez's offense conduct, which included the distribution of large quantities of methamphetamine, the use of violence, and his commission of this crime while on supervision for another offense, we cannot conclude that no reasonable sentencing court would have imposed this within-Guidelines sentence of 240 months' imprisonment. Thus, any challenge to the substantive reasonableness of Rodriguez's sentence would lack merit.[5]

---

[5] Rodriguez's pro se arguments also fail to present nonfrivolous issues. First, Rodriguez argues that the leadership enhancement does not apply to him because he only had three co-defendants. However, the number of co-defendants is not dispositive. Rather, the enhancement focuses on the number of participants in the criminal activity and applies when the defendant organizes or leads criminal activity involving five or more participants. See U.S.S.G. § 3B1.1(a). The factual basis for the plea and the Presentence Report identifies four other people involved in the conspiracy and Rodriguez agreed he was the leader. Therefore, this argument is frivolous.

Second, Rodriguez argues that an enhancement for a defendant who "used violence, made a credible threat to use violence, or directed the use of violence," U.S.S.G. § 2D1.1(b)(2), does not apply to him because the PSR does not provide a victim impact statement. The absence of a victim impact statement has no bearing on the factually supported basis for the enhancement.

Third, Rodriguez argues that an enhancement for a defendant who possesses a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1), does not apply to him because no

# III

For the foregoing reasons, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

---

firearms were involved in his case. Use of a firearm, however, is not required for the enhancement to apply. Rather, Rodriguez and his co-conspirators' use of a taser to punish someone suspected of stealing the organization's money constitutes use of a dangerous weapon. See, e.g., United States v. Agron, 921 F.2d 25, 26 (2d Cir. 1990) (holding that a stun gun is a U.S.S.G. § 2D1.1(b)(1) "dangerous weapon"); cf. United States v. Quiver, 805 F.3d 1269, 1272 (10th Cir. 2015) (holding that a stun gun is a U.S.S.G. § 2A2.2(b)(2) "dangerous weapon"). Moreover, members of the conspiracy possessed firearms, which also warrants applying the dangerous weapon enhancement. See United States v. Otero, 890 F.2d 366, 367 (11th Cir. 1989) (holding that a defendant's sentence enhancement under U.S.S.G. § 2D1.1(b)(1) can be proper for a co-conspirator's possession of firearms); see also Pinkerton v. United States, 328 U.S. 640, 646-47 (1946) ("[I]n the law of conspiracy . . . the act of one conspirator . . . in furtherance of the conspiracy [can be] attributable to the others."). Therefore, the § 2D1.1(b)(1) enhancement was appropriate.

Finally, Rodriguez argues that his counsel was ineffective both by misleading him about the sentencing ramifications of his plea agreement and by failing to "properly negotiate the supposed facts" of his PSR. Pro Se Br. 1, 3, 6. Ineffective assistance of counsel claims are generally more appropriately brought on collateral attack pursuant to 28 U.S.C. § 2255, rather than on direct appeal. United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003). In any event, the record belies his assertions concerning sentencing. The District Court explained to Rodriguez the sentencing ramifications of his plea, including the potential maximum sentence of life, which Rodriguez confirmed he fully understood. The Court also reviewed with Rodriguez that he could not withdraw his plea if the Court did not accept recommendations about his sentence. Finally, in his plea agreement, Rodriguez represented that "[n]o other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions . . . been made in connection with this plea." Supp. App. 24. Therefore, Rodriguez's pro se arguments concerning his understanding about the consequences of his plea fail to present nonfrivolous issues.