**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto MARTINEZ, aka "TICO"**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David KERRICK, Alberto Duarte**
**Defendants–Appellants.**

Nos. 89–3535, 89–3753.

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1991.

Thomas H. Ostrander, Bradenton, Fla., for Martinez.

Gregory Miller, Karla Spaulding and Ward A. Meythaler, Asst. U.S. Attys., for U.S.

Michael J. Echevarria, Echevarria & Helmers, Tampa, Fla., for Kerrick.

Carlos A. Pazos, Pines & Pazos, Tampa, Fla., for Duarte.

---

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

1. We pause here to clarify that this Circuit's opinion in *Otero*, contrary to the doubts expressed by the Ninth Circuit, *see United States v.*

Before HATCHETT and EDMONDSON, Circuit Judges, and PECKHAM*, Senior District Judge.

PER CURIAM:

On this appeal, three co-conspirators challenge their sentences. Alberto Martinez pleaded guilty to one count of conspiracy to import marijuana. Alberto Duarte and David Kerrick were tried together and each found guilty of one count of conspiracy to import marijuana and one count of conspiracy to possess with intent to distribute the marijuana. All three challenge the two-point enhancement for firearm possession.

Section 2D1.1(b)(1) of the Sentencing Guidelines, which authorizes a two-point enhancement for possession of a firearm, provides that "[i]f a firearm or other dangerous weapon was possessed during the commission of the [drug offense], increase by 2 levels." In this Circuit, the two-point firearm enhancement is proper if three conditions are met: (1) the possessor is charged as a co-conspirator; (2) the defendant whose sentence is to be enhanced was a member of the conspiracy at the time of the firearm possession; and (3) the possession of the firearm was in furtherance of the conspiracy. *United States v. Otero*, 890 F.2d 366, 367 (11th Cir.1989) (per curiam). The district court noted that the possessor of the firearm, Armando Benel, was charged as a co-conspirator and that each of the appellants had been a member of the conspiracy at the time Benel possessed the firearm. Then, after hearing conflicting testimony, the district court found that Benel possessed the firearm in furtherance of the conspiracy. We do not find this conclusion to be clearly erroneous. 18 U.S.C. § 3742(d). Appellants' protestations that they were in fact unaware of the firearm possession do not upset the district court's finding that the possession of the firearm was reasonably foreseeable. *Id.*[1]

*Garcia*, 909 F.2d 1346, 1350 n. 1 (9th Cir.1990), is fully in accord with the Guidelines and the commentary to § 1B1.3(a)(1). *Otero* follows the *Pinkerton* rationale, which, like the Guidelines, requires that the firearm possession "be reasonably foreseen as a necessary or natural

■ Duarte brings a further challenge to the two-point enhancement on constitutional grounds. Duarte objects that the use of the enhancement, which is based only on proof by a preponderance of the evidence, rather than a charge and conviction under 18 U.S.C. § 924(c)[2], which is based on proof beyond a reasonable doubt, is violative of due process. In addition, he claims that his due process rights were further violated because he was not given notice of the firearm enhancement in the indictment nor was he accorded a jury trial on that issue.

■ This argument "misperceives the distinction between a sentence and a sentence enhancement." *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 180 (2d Cir.1990) (quoting *United States v. Mocciola*, 891 F.2d 13, 17 (1st Cir.1989)). Although both the separate sentence under § 924(c) and the sentence enhancement under Guidelines § 2D1.1(b)(1) result in an increased penalty, only a *conviction and sentence under § 924(c)* requires the full panoply of constitutional safeguards ordinarily granted criminal defendants. *United States v. Terzado-Madruga*, 897 F.2d 1099, 1124-25 (11th Cir.1990). Under the Guidelines, the government was entitled to treat the firearm possession as a sentencing consideration rather than as an element of a particular offense. *United States v. Baker*, 883 F.2d 13, 15 (5th Cir.1989). Because the Guidelines did not alter the maximum sentence for the offense for which appellant was convicted but merely limited the sentencing court's discretion in selecting a penalty within the permissible range, there is no constitutional violation in permitting the district court to consider relevant conduct for which the defendant was neither charged nor convicted, so long as proof of that conduct is supported by reasonable indicia of reliability. *See McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (rejecting a due process challenge to state sentencing guidelines that authorized a mandatory minimum sentence upon a finding, by a preponderance of the evidence, that the defendant possessed a firearm during the commission of an offense).

The remaining claims, including the challenges by appellant Martinez, are of no merit and warrant no discussion. The sentences imposed by the district court are AFFIRMED.

---

consequence of the unlawful agreement." *Pinkerton v. United States*, 328 U.S. 640, 648, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946).

2. Section 924(c)(1) creates a separate offense and separate sentence for possession of a firearm in certain circumstances. In pertinent part, it provides:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...."