United States Court of Appeals,

Eleventh Circuit.

Nos. 94-2711, 94-2713.

UNITED STATES of America, Plaintiff-Appellee,

v.

John Anthony LUIZ, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Sean S. GRIFFITH, Defendant-Appellant.

Dec. 30, 1996.

Appeals from the United States District Court for the Middle District of Florida. (No. 94-5-CR-ORL-18), Patricia C. Fawsett, Judge.

Before TJOFLAT and COX, Circuit Judges, and VINING[*], Senior District Judge.

PER CURIAM:

John Luiz and Sean Griffith were convicted, on their pleas of guilty, for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (1994). Luiz and Griffith appeal, challenging their sentences. We affirm.

I. Background

Between November 1991 and June 1992, Gary Settle robbed five central Florida banks at gunpoint. John Luiz assisted Settle in these robberies in various ways, serving as a lookout, driver of the drop-off vehicle, or driver of the "switch" vehicle.[1] Griffith

---

[*]Honorable Robert L. Vining, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

[1]Settle left the scene of these robberies in a getaway car driven by an accomplice, or in a car stolen from a bank customer or employee. Settle would then meet an accomplice in a second

assisted Settle in two of the robberies, once as a lookout and once as driver of the getaway vehicle. Luiz and Griffith were arrested in September 1992 when officers stopped them and found a nylon stocking mask and other gear in Luiz's car. Luiz and Griffith admitted to authorities that, at the time of their arrest, they were planning to rob a bank using a method taught by Settle.

Following their arrest, Luiz and Griffith assisted the government in investigating Settle. Luiz and Griffith also testified at Settle's trial on charges involving these and other bank robberies. Settle was convicted of nineteen counts arising out of bank robberies, including eight counts of armed bank robbery and nine counts of using a firearm in relation to the commission of a crime of violence, and sentenced to more than 177 years imprisonment. After Settle's conviction, Luiz and Griffith were indicted for conspiring "with each other and with persons known to the Grand Jury" to commit armed bank robbery. (R.1-38 (Luiz); R.1-38 (Griffith).) Both Luiz and Griffith pled guilty to the charge in the indictment.

Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), the Presentence Investigation Reports ("PSIs") for Luiz and Griffith recommended a five level increase in the defendants' base offense levels because Settle brandished a firearm during the robberies. *See* United States Sentencing Commission, *Guidelines Manual* § 2B3.1(b)(2)(C) (Nov.1993). Both defendants objected to this increase on the ground that Settle, who possessed the firearm, was not charged or

vehicle at a prearranged location near the bank, and abandon the getaway vehicle. The second vehicle is the "switch" vehicle.

named as a co-conspirator in the indictment charging Luiz and Griffith. The district court overruled the objection and applied the five-level increase. Luiz and Griffith also argued that they were entitled to a two-level decrease in their offense levels under U.S.S.G. § 3B1.2(b) because they played minor roles in the conspiracy. The district court denied this reduction for role in the offense. Finally, the government moved for a five-level downward departure for each defendant on the ground that they provided substantial assistance to the government in the investigation and prosecution of Settle. *See* U.S.S.G. § 5K1.1. Luiz and Griffith argued that their assistance to the government merited nine-level downward departures. After noting that Luiz and Griffith were charged only with one conspiracy, which has a five-year maximum sentence, rather than with separate bank robberies and gun charges like Settle, the court denied the § 5K1.1 motion as to Luiz, and granted a three-month reduction in Griffith's sentence. The court sentenced Luiz to 60 months imprisonment, and Luiz to 57 months imprisonment. This appeal followed.

II. Issues on Appeal and Standards of Review

Luiz and Griffith challenge their sentences on two grounds that we address.[2] First, they contend that it was error to increase the offense level under U.S.S.G. § 2B3.1(b)(2)(C) for Settle's possession of a firearm where Settle was not charged or

---

[2]In addition to the arguments we address in this appeal, Luiz and Griffith challenge their sentences on the ground that they had minor roles in the offense and are entitled to two-level reductions. This argument is meritless and does not warrant discussion. *See* 11th Cir. R. 36-1(a).

named as a co-conspirator in the same indictment with Luiz and Griffith. This issue involves an interpretation of the sentencing guidelines that we review *de novo. See United States v. Aduwo,* 64 F.3d 626, 628 (11th Cir.1995) (whether firearm can be imputed to non-possessing defendant under U.S.S.G. § 2K2.1(c) is a question of law). Second, the defendants argue that the district court misapplied U.S.S.G. § 5K1.1 by considering factors other than their substantial assistance in refusing to grant a departure to Luiz, and in granting less than the requested departure to Griffith. Generally, we review neither the refusal to grant a § 5K1.1 departure nor the extent of such a departure. *United States v. Castellanos,* 904 F.2d 1490, 1497 (11th Cir.1990). But where, as here, a ruling on a § 5K1.1 motion is challenged on the grounds that the court misapplied the guideline, we review the ruling *de novo. Id.*

## III. Discussion

A. Firearm-Related Increase in Offense Level

Under the sentencing guidelines, the base offense level for robbery is increased by 5 if the defendant brandishes, displays, or possesses a firearm. U.S.S.G. § 2B3.1(b)(2)(C). A defendant may also be held accountable at sentencing for a co-conspirator's possession of a firearm if certain circumstances are present. *United States v. Kimmons,* 965 F.2d 1001, 1011 (11th Cir.1992) (robbery conspiracy defendant's base offense level increased under § 2B3.1(b)(2)(C) where co-conspirators possessed firearms), *cert. denied,* 506 U.S. 1086, 113 S.Ct. 1065, 122 L.Ed.2d 370, *cert. granted, judgment vacated and case remanded on other grounds sub*

*nom. Small v. United States,* 508 U.S. 902, 113 S.Ct. 2326, 124 L.Ed.2d 239, *judgment reinstated,* 1 F.3d 1144 (11th Cir.1993); *see also Aduwo,* 64 F.3d at 629-30 (gun conspiracy defendant's base offense level increased under § 2K2.1(c) where co-conspirator possessed a firearm); *United States v. Otero,* 890 F.2d 366, 367 (11th Cir.1989) (drug conspiracy defendant's base offense level increased under § 2D1.1(b) where co-conspirator possessed a firearm). The rationale for attributing the possession of a firearm by one co-conspirator to another is the *Pinkerton* rule that "conspirators are liable for the reasonably foreseeable acts of their co-conspirators in furtherance of the conspiracy." *Aduwo,* 64 F.3d at 629 (citing *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)), *Otero,* 890 F.2d at 367 (same); *see also* U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct for conspiracy offense includes "all reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity.").

*Otero* set out a three-part test for determining whether attributing another person's possession of a weapon to the defendant was proper: "first, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearms possession." 890 F.2d at 367. Luiz and Griffith concede that the second and third *Otero* factors are met in this case, but they argue that the first factor is not met because Settle was not charged or named as a co-conspirator in the same indictment with them. The

Government responds by arguing that the first *Otero* requirement is dictum, and alternatively that Settle was unavailable for indictment when Luiz and Griffith were indicted because he had already been charged and convicted on charges involving these robberies. *See United States v. Louis,* 967 F.2d 1550, 1553-54 (11th Cir.1992) (holding that possessing co-conspirators were unavailable for indictment because they were never identified); *United States v. Nino,* 967 F.2d 1508 (11th Cir.1992) (holding that possessing co-conspirators were unavailable because one died and one was granted immunity). The district court held that the first factor of the *Otero* test was dictum.

We agree with the district court. In *Nino,* we noted that *Otero,* like any other judicial opinion, must be read in the context of the facts of that case. 967 F.2d at 1514. The *Otero* court was not faced with the question whether a defendant could be sentenced based on the possession of a firearm by an uncharged or unnamed coconspirator because the co-conspirators in that case were named and charged as co-conspirators. 890 F.2d at 367. As *Nino* explains, the rationale of the first *Otero* factor is to "avoid[ ] artificial sentence enhancement for firearm possession when the weapon is actually or constructively possessed by a person outside the conspiracy." This rationale is satisfied if the possessor of the firearm is a co-conspirator of the defendant whose sentence is enhanced.[3] The district court found that Luiz, Griffith and Settle

_____

[3]Of course, other factors that Luiz and Griffith have not contested in this appeal must be shown for a co-conspirator's possession of a firearm to be attributed to a defendant. *See* U.S.S.G. § 1B1.3, commentary n.2 (conduct of others that is not in furtherance of a jointly undertaken criminal activity or is

were co-conspirators.  Thus, it was not error to attribute Settle's possession of a firearm to Luiz and Griffith despite the fact that Settle was not indicted in this case.

B. Substantial Assistance Departure

When, on the Government's motion, a district court grants a downward departure under U.S.S.G. § 5K1.1 or reduces a sentence under Rule 35(b), the sentence reduction may be based only on factors related to the defendant's substantial assistance.  *United States v. Aponte,* 36 F.3d 1050, 1052 (11th Cir.1994);  *United States v. Chavarria-Herrara,* 15 F.3d 1033, 1037 (11th Cir.1994).  For example, the district court in  *Chavarria-Herrara* considered factors such as the defendant's first-time offender status and good prison behavior in reducing his sentence under Rule 35(b), and we reversed.  *Id.*

Luiz and Griffith contend that the district court misapplied § 5K1.1 when the court considered the Government's decision to charge them leniently.[4]  They argue that consideration of the Government's charging decision is improper under *Chavarria-Herrara* because this factor is unrelated to their substantial assistance.  We recently rejected a similar argument with respect to Rule 35(b).  *United States v. Manella,* 86 F.3d 201, 204-05 (11th Cir.1996).  *Manella* holds that *Chavarria-Herrara* does not apply where the

---

not reasonably foreseeable is not relevant conduct).

[4]Luiz and Griffith also challenge the district court's conclusion that, if they had been charged with separate robbery and gun counts, they would have received a much greater sentence under the guidelines.  Luiz and Griffith did not make this argument at the sentencing hearing, and we decline to address it for the first time on appeal.

district court's *refusal* to grant a Rule 35(b) motion is based on factors other than substantial assistance. In *Manella,* which involved a resentencing, the district court considered factors such as the seriousness of the offense of conviction and the leniency of the original sentence imposed, and we affirmed. We reasoned that, while the district court may reward a defendant under Rule 35(b) only for substantial assistance, the court's decision to grant a Rule 35(b) reduction remains discretionary. *See Manella,* 86 F.3d at 204 & n. 6. A reading of Rule 35(b) that "requires the district court to consider substantial assistance in isolation from any other factor leaves too little discretion for the court to exercise." *Id.* at 205.

Our decision in *Manella* was based on Rule 35(b), but *Manella* 's reasoning applies to U.S.S.G. § 5K1.1 and to this case. The district court's decision on a § 5K1.1 motion, like the court's decision on a Rule 35(b) motion, is discretionary. *United States v. Castellanos,* 904 F.2d 1490, 1497 (11th Cir.1990). In considering the Government's charging decision, the district court compared Luiz's and Griffith's offense conduct, as described in the PSI, to their offenses of conviction. We hold that the court's consideration of this factor was not a misapplication of § 5K1.1.

## IV. Conclusion

Luiz's and Griffith's argument that their offense levels were improperly enhanced fails. It is immaterial that Settle was not charged or named as a co-conspirator because the district court found that Luiz, Griffith and Settle were co-conspirators. The defendants' argument that the court misapplied § 5K1.1 also fails

because, in the exercise of its discretion, the district court may consider other factors in addition to substantial assistance that militate against granting a departure.

AFFIRMED.