[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2006
THOMAS K. KAHN
CLERK

No. 06-11314
Non-Argument Calendar

_____

D. C. Docket No. 05-00121-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERENCE DEVON HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 13, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Terence Devon Hamilton appeals his 200-month sentence for distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Hamilton argues that the government breached its plea agreement. He also challenges his sentence on the grounds that the district court erred by engaging in judicial fact-finding and that its downward departure was based on impermissible factors and was unreasonable. For the reasons set forth more fully below, we affirm.

By superseding indictment, Hamilton was charged with three counts of distribution of five grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In exchange for Hamilton's agreement to plead guilty to one count of distribution of five grams or more of cocaine base, the government agreed, in pertinent part, to recommend a sentence at the "low end of the applicable guideline range" and, if Hamilton rendered substantial assistance, the government agreed to file a motion for downward departure "from the applicable sentencing guideline range" pursuant to U.S.S.G. § 5K1.1. The government filed a motion for downward departure, but did not recommend a sentence at the low end of the applicable Guideline range. Although the district court called upon Hamilton's counsel to "call upon the government for any more disclosures you think they should make consistent with your agreement,"

2

Hamilton did not mention the government's obligation to recommend a sentence at the low end of the applicable Guideline range.

Hamilton objected to the calculation of his advisory Guideline range using facts that were not based upon the conduct to which he pled guilty. In reliance upon such facts, the probation officer assigned an offense level of 34 because Hamilton was a career offender under U.S.S.G. § 4B1.1. After granting Hamilton an acceptance of responsibility reduction, the district court calculated an advisory Guideline range of 188 to 235 months' imprisonment based on a base offense level of 31 and criminal history category of VI.

Before announcing its sentence, the district court commented in regard to Hamilton, who was 33 years' old at the time of the hearing,

> I would have no hesitancy . . . sentencing you when I look at this record. It goes back prior to your 17 years old being in the cocaine business. And it appears further that you really never — you have been treated so lenient by the state court. . . . It was not much of a deterrent.

The court further stated that Hamilton "seems contrite. But I know his record leads to the inescapable conclusion that drugs and drug dealing have been his life's pursuit." The district court then sentenced Hamilton to 200 months' imprisonment, noting that the sentence was brought about by the government's § 5K1.1 motion and its support of the motion with specifics as to Hamilton's cooperation.

## I. Plea Agreement

Hamilton argues for the first time on appeal that the government breached its plea agreement by failing to recommend a sentence at the low end of the applicable Guideline range. The government responds that Hamilton invited any error because he failed to inform the court of any alleged lapse when given the opportunity to do so. Alternatively, the government argues that Hamilton's failure to raise the issue before the district court results in plain error review on appeal, and that Hamilton cannot establish plain error.

We agree with the government that Hamilton's failure to object on this basis before the district court limits our review to plain error. United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). However, we do not find the invited error doctrine applicable in this case. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998). Here, the alleged error was not an error committed by the district court, but one committed by the government. See United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998) ("But, as Proctor contends, the AUSA [Assistant United States Attorney], not the court, violated the plea agreement; the sentencing judge's acts are not important to this issue.").

4

Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). If these three prongs are met, we may exercise our discretion to notice this error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1329. For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). The party seeking to establish plain error has the burden of persuasion as to prejudice. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). To establish prejudice, the defendant must show a reasonable probability of a different result. Id. Where the effect of an error on the district court's sentence is uncertain or indeterminate, the defendant cannot show prejudice. Id. at 1301.

Even if Hamilton can show an error that is plain, he cannot meet the third prong of the plain error standard. Hamilton makes no arguments that the error affected his substantial rights.[1] Accordingly, he cannot meet his burden to establish prejudice. See Rodriguez, 398 F.3d at 1299. Moreover, at best, the record is unclear as to whether the district court would have imposed a different

---

[1] To the extent Hamilton suggests that he need not show plain error, this argument is contrary to precedent. Romano, 314 F.3d at 1281.

5

sentence had the government recommended a sentence at the low end of the applicable Guideline range, and, therefore, Hamilton could not show prejudice. Id. at 1301. Therefore, the government's failure to recommend a sentence at the low end of the applicable Guideline range, if error, was not plain error.

## II. Hamilton's sentence

Recognizing that his argument is contrary to current precedent, Hamilton argues that the district court erred in enhancing his sentence based on facts that were not charged in the indictment, proved to a jury beyond a reasonable doubt, part of his guilty plea, or admitted by him.[2] Hamilton next argues that the district court erred in granting the government's motion for substantial assistance yet sentencing him within the advisory Guideline range. He contends that the district court's downward departure was improperly based on his receipt of an acceptance of responsibility adjustment and his criminal history, the lack of a departure was unreasonable, and, because he "gets nothing" for his substantial assistance, his sentence is unreasonable.

A constitutional challenge to a sentence is reviewed de novo. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005). We review Hamilton's argument that the district court relied upon non-assistance related factors for plain error

---

[2] At sentencing, Hamilton did not contest the factual accuracy of the information in the presentence investigation report.

because Hamilton failed to raise this objection before the district court. Rodriguez, 398 F.3d at 1298. We cannot review Hamilton's challenge to the reasonableness of the district court's downward departure. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005); United States v. Luiz, 102 F.3d 466, 468 (11th Cir. 1996) (citing United States v. Castellanos, 904 F.2d 1490, 1497 (11th Cir. 1990)). However, we review the district court's ultimate sentence for reasonableness. Winingear, 422 F.3d at 1245.

The district court did not err in enhancing Hamilton's sentence based on prior convictions that were neither alleged in the indictment nor proved beyond a reasonable doubt. Shelton, 400 F.3d at 1329. Nor did the district court err by engaging in judicial fact-finding under the advisory Guidelines where it did not impose a sentence beyond the statutory maximum authorized by Hamilton's guilty plea. United States v. Hunt, No. 05-11671, man. op. at 4-5 (11th Cir. Aug. 10, 2006); Rodriguez, 398 F.3d at 1300.

Reductions under § 5K1.1 must be based on factors relating to the defendant's substantial assistance. United States v. Crisp, No. 05-12304, slip op. at 2949 (11th Cir. July 7, 2006). The district court's explanation of its ultimate sentence indicates that Hamilton's substantial assistance was the reason that the court sentenced him as low as 200 months. However, even if there is error,

7

Hamilton makes no argument that the error affected his substantial rights and the effect of any error on the district court's sentence is, at best, uncertain. Accordingly, Hamilton cannot meet his burden as to prejudice and, therefore, cannot establish plain error.  See Rodriguez, 398 F.3d at 1299, 1301.

The district court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); Winingear, 422 F.3d at 1246.  The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786.  The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence.  Id. at 788.

Hamilton cannot show that his sentence is unreasonable.  Hamilton's substantial assistance alone does not make a sentence within the Guideline range unreasonable as the district court must consider the 18 U.S.C. § 3553(a) factors in

8

choosing a reasonable sentence.  See id. at 786.  Moreover, in light of Hamilton's extensive criminal history and the district court's finding that prior punishment failed to deter Hamilton, Hamilton's 200-month sentence, which was less than half of the 40-year (480-month) statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(B) and towards the lower end of the advisory Guideline range, is reasonable.

In light of the foregoing, Hamilton's sentence is

**AFFIRMED.**