[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 30, 2009
THOMAS K. KAHN
CLERK

No. 09-11569
Non-Argument Calendar

_____

D. C. Docket No. 07-20832-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO A. RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 30, 2009)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Hugo A. Rodriguez appeals from his sentence of 78 months' imprisonment, imposed after he pled guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. He argues that: (1) the district court erred in

denying the government's motion for a downward departure to his sentence, pursuant to U.S.S.G. § 5K1.1, because it failed to consider the factors included in the policy statement set forth in the guideline; and (2) his sentence is procedurally and substantively unreasonable. After thorough review, we affirm.

We do not normally review the refusal to grant a downward departure, including a § 5K1.1 departure, unless the district court was not aware of its authority to depart from the guideline range. United States v. Castellanos, 904 F.2d 1490, 1497 (11th Cir. 1990); 18 U.S.C. § 3742(a). However, if a defendant challenges the ruling on a § 5K1.1 motion on the ground that the court misapplied the guideline, we review the ruling de novo. United States v. Luiz, 102 F.3d 466, 468 (11th Cir. 1996). We "shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e). We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we reject Rodriguez's argument that the district court misapplied U.S.S.G. § 5K1.1. Section 5K1.1 of the Sentencing Guidelines provides:

2

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

> (3) the nature and extent of the defendant's assistance;

> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. The commentary to this guideline notes that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." U.S.S.G. § 5K1.1, comment. (n.3). We have interpreted this provision so that it "does not nullify the discretion expressly given to the district court by the text of the guideline itself[.]" Castellanos, 904 F.2d at 1497.

Here, the record indicates that the district court considered the motion and chose not to depart based upon its evaluation of Rodriguez's assistance; thus, it

3

was aware of its authority to depart. Id. at 1498. Nevertheless, Rodriguez may appeal on the basis that the court misapplied the § 5K1.1 guideline by failing to consider the factors in § 5K1.1. See Luiz, 102 F.3d at 468. The court noted that it generally defers to the attorneys' evaluations of a defendant's assistance, but after hearing Rodriguez testify in both trials, found that his testimony was untruthful, so he was not entitled to the § 5K1.1 reduction. Thus, the court properly considered the guideline.

Our holding in Castellanos forecloses Rodriguez's argument that the commentary to the guideline required the district court to give substantial weight to the government's position and subsequently grant the motion. In Castellanos, we held that a district court must give substantial weight to the government's position "where the extent and value of the assistance are difficult to ascertain." 904 F.2d at 1498 (quotation omitted). However, the extent and value of the assistance is not difficult to determine where, as here, the district court presided over the trial of the codefendants against whom a defendant testifies and can "judge for itself the extent and value of his assistance." Id. Thus, because the district court presided over the trials of Rodriguez's codefendants and witnessed Rodriguez's testimony, it was able to determine that his assistance did not warrant a § 5K1.1 sentence reduction. See id. Furthermore, we award "due regard" to the district court's credibility

4

determinations and accept its factual findings unless they are clearly erroneous. See 18 U.S.C. § 3742(e). The record does not reveal that the district court clearly erred in its findings and, accordingly, we affirm the denial of the § 5K1.1 motion.

We also are unpersuaded by Rodriguez's claim that his sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not state on the record that it explicitly considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

5

arguments and the factors in section 3553(a) is sufficient" under United States v. Booker, 543 U.S. 220 (2005). Id. When the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a). Id. at 1191. However, the district court has discretion to determine the weight that should be given to each factor. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). And although a sentence within the advisory guideline range is not per se reasonable, it is ordinarily expected to be reasonable. Talley, 431 F.3d at 788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id.

Rodriguez has failed to establish that his sentence was procedurally unreasonable. As the record shows, the district court found that Rodriguez's

within-guidelines sentence was appropriate for Rodriguez based upon the § 3553(a) factors and his testimony at his codefendants' trials. In addition, it did not blindly presume that a within-guidelines sentence was per se reasonable, contrary to Rodriguez's assertion, but instead, noted that the guidelines were advisory. The court also considered the impact that Rodriguez's actions had on the victims and his family, and the government's difficulty in discerning the truth from the statements Rodriguez provided as part of his assistance. The court noted that it had never denied a § 5K1.1 reduction before, thereby indicating that its sentence was based on the individual facts of Rodriguez's case. And because the court was not required to discuss each of the § 3553(a) factors, Talley, 431 F.3d at 786, its explicit statement that it had considered the § 3553(a) factors when sentencing Rodriguez was sufficient. Further, Rodriguez fails to mention the "clearly erroneous facts" upon which the district court relied, and therefore does not satisfy his burden of showing that the district court abused its discretion when sentencing him. See id.

Rodriguez also has failed to establish that his sentence is substantively unreasonable. The district court considered the § 3553(a) factors, and sentenced Rodriguez at the low end of his guideline range, which suggests a sentence that is expected to be reasonable. Id. at 788. The court, moreover, properly considered

the government's § 5K1.1 motion and its supporting arguments and reasonably found that Rodriguez's offense warranted a sentence at the low end of the Guidelines. Although Rodriguez presents several factors that he contends would support a § 5K1.1 reduction, like the 18 months of debriefings with the government, and mentions § 3553(a) factors in his favor, like his 20-year military career, he has not provided any compelling argument that the court abused its discretion when weighing the sentencing factors in his case. See Clay, 483 F.3d at 743 (district court has discretion to determine weight given to each factor).

**AFFIRMED.**