[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11473
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20359-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS BUCKINGHAM JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 27, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis Buckingham Johnson appeals his 90-month total sentence for 1 count of conspiracy to possess with intent to distribute controlled substances within 1,000 feet of a school, in violation of 21 U.S.C. § 846, 1 count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 1 count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Johnson argues that the district court erred in calculating his base offense level because he did not possess the qualifying firearm. Johnson also argues that the district court improperly applied two sentence enhancements because he did not have possession of between three and seven firearms, nor stolen firearms.  Further, Johnson argues that application of the enhancement for the number of firearms resulted in impermissible double counting.

## I. Base Offense Level

For Sentencing Guidelines issues, we review purely legal questions *de novo*, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with "due deference."  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  "Due deference" is tantamount to clear error review.  *Id.*  "For a finding to be clearly erroneous, we must be left with a definite and firm conviction that a mistake has been committed."  *Id.*  (quotation marks omitted).

The Sentencing Guidelines prescribe a base offense level of 20 for a defendant who committed an offense involving a semiautomatic firearm as a prohibited person.  U.S.S.G. § 2K2.1(a)(4)(B)(i)(I), (a)(4)(B)(ii)(I).  We have held that a defendant's possession of a firearm "may be actual or constructive, joint or sole." *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004) (addressing possession of a firearm under 18 U.S.C. § 924(c)).  A defendant's presence near a firearm or mere association with someone else who possesses a firearm is insufficient to prove constructive possession.  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011).  But "[t]he firearm need not be on or near the defendant's person in order to amount to knowing possession." *Id.*  (internal quotation omitted).  To show constructive possession, the government need only prove that the defendant (1) was aware of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm.  *Id.*  Intention to exercise dominion and control may be shown where the defendant participates in a joint criminal venture in which a firearm is intended to play a central part, "even if the defendant never intended to use the firearm himself." *Id.*

Conspirators are liable for the reasonably foreseeable acts of their co-conspirators in furtherance of the conspiracy, and we have held that this rule of liability applies when sentencing a defendant for possession and use of a firearm. *United States v. Aduwo*, 64 F.3d 626, 629–30 (11th Cir. 1995) (applying

3

co-conspirator liability to a defendant sentenced under § 2K2.1(c)).  In analyzing a different sentencing guideline, we have held that it was not clearly improbable that there was a connection between drug trafficking and firearms where the guns were found in the location out of which drugs were sold and part of the "high risk activity" of selling drugs may entail protecting oneself, proceeds, and inventory. *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005).

Although Johnson argues that he could not have foreseen Coleman's possession of firearms, Johnson admitted to possessing all the firearms, including those recovered from Coleman's room in his plea colloquy.  Further, Johnson concedes possession for one of the firearms and participated in a joint criminal venture of drug trafficking.  Thus, Johnson has admitted the conduct underlying the sentence enhancements, and the district court did not clearly err in finding that Johnson constructively possessed the firearms that led to his calculated base offense level and two sentence enhancements.

## II. Double Counting

We review *de novo* a double counting claim.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  *Id.* at 894 (internal quotation omitted).  We

4

presume that the Sentencing Commission intended separate guideline sections to apply cumulatively, unless specifically directed otherwise. *Id.*

Section 2K2.1 provides for a two-level enhancement for an offense involving between three and seven firearms and a two-level enhancement if the offense involved any stolen firearm. § 2K2.1(b)(1)(A), (b)(4). Amendment 599 of the Guidelines provides that, when a defendant is being sentenced for both violation of 18 U.S.C. § 924(c) and the underlying offense, no weapons enhancement for the underlying offense should be applied. U.S.S.G. App. C, Amend. 599; U.S.S.G. § 2K2.4, comment. (n.4). Amendment 599 is inapplicable where the underlying offense that received the enhancements is different from the offense forming the basis of a § 924(c) conviction. *United States v. Pringle*, 350 F.3d 1172, 1180–81 (11th Cir. 2003).

The district court did not engage in double counting by applying enhancements for the number of firearms and stolen nature of the firearms because the enhancements were not already accounted for in the base offense level guideline. The base offense level of 20 only accounted for Johnson's possession of a firearm as a prohibited person. It did not take into account the number of firearms possessed or the possibility that some of the firearms may have been stolen, so there was no double counting. Further, Amendment 599 is not an applicable provision because Johnson did not receive a sentence based on the

5

underlying offense of conspiracy to distribute drugs; rather, he received a sentence based on being a felon in possession of a firearm and the mandatory minimum required by 18 U.S.C. § 924(c)(1)(A).

Thus, we affirm.

**AFFIRMED.**