[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11708

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KELVIN D. CARSWELL,
a.k.a. K9,
a.k.a. Knineso Harlem Carswell,
a.k.a. 9ne Oharlem,
a.k.a. Kninepunkin,
a.k.a. Kingcarswell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cr-00009-TES-CHW-1

_____

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Kelvin Carswell appeals his 240-month sentence for conspiracy to possess with intent to distribute methamphetamine. He argues that the district court plainly erred and imposed a procedurally unreasonable sentence when the district court failed to establish the guidelines range before considering and denying the government's substantial-assistance motion pursuant to U.S.S.G. § 5K1.1. We conclude there was no plain error, and we affirm.

## I.    Background

Carswell was charged in a superseding information with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). He pleaded guilty, pursuant to a plea agreement. The stipulation of facts in the plea agreement provided that Carswell, while incarcerated in the Georgia Department of Corrections for an attempted carjacking conviction, orchestrated narcotics trafficking of methamphetamine, heroin, and crack cocaine,

throughout Macon, Georgia, via the use of cell phones and Facebook. Carswell's presentence investigation report ("PSI") indicated that he had a lengthy criminal history involving primarily other drug offenses. His guidelines range was the statutory maximum of 240 months' imprisonment.[1] Carswell did not object to the PSI.

Prior to sentencing, the government filed a substantial-assistance motion, pursuant to U.S.S.G. § 5K1.1, based on Carswell's cooperation. At sentencing, the district court confirmed that the parties had no objections to the PSI and that they agreed that Carswell's offense level was 43 with a criminal history category of VI. The government stated that, although Carswell ran a drug ring from prison, he "c[a]me to the table, [and] did kind of lay things out . . . . In particular, [he] helped kind of put a drug amount on certain defendants." Accordingly, the government asked the district court "to fashion a sentence [the court thought] appropriate based upon the facts and circumstances of the case, along with his cooperation in the matter." Carswell's counsel argued that Carswell's "cooperation came early" and resulted in multiple guilty pleas from others involved with the drug ring, which saved the government a lot of

---

[1] Carswell's base offense level of 43 and his criminal history category of VI, resulted in a guidelines range of life. However, where, as here, "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. §§ 5G1.1(a), 5G1.2(b) cmt. (n.3(B)).

time and expense. He requested that the district court depart downward to 180 months' imprisonment based on substantial assistance. Carswell stated that he accepted responsibility and asked the court to "go with what [his counsel] recommend[ed]." The district court then explained,

> Having considered the government's motion for a sentence reduction for substantial assistance pursuant to U.S.S.G. [§] 5K1.1 and 18 U.S.C. [§] 3553(e), the [c]ourt finds that you do need to get credit for your cooperation.

> But at the same time, but for that, I would have varied this case upward because of your long detailed history and your crimes. And the very fact, the specific facts that you ran a drug ring from prison. So I think an upward variance is appropriate in this case. And I think basically [the substantial-assistance motion and the variance] wash. They wipe each other out.

Accordingly, the district court sentenced Carswell to 240 months' imprisonment. The government asked for clarification as to "where [the court] was starting with the 5K just so we have a record of where he was with the 5K and then how we ended up back" at the statutory maximum. The district court stated it "would have given him a 30 months down to 210 [months' imprisonment]" and then "varied upward by 30 months." The district court then clarified "[b]ut I'm not making a downward departure and I'm not making an upward variance. I'm just

21-11708               Opinion of the Court                5

simply saying that I considered the factors. Yes, those are appropriate for a 5K." Carswell did not object to the sentence. He now appeals.

## II.    Discussion

Carswell argues that the district court plainly erred when it considered the substantial-assistance motion without first establishing the guidelines range as required by the directive of U.S.S.G. § 1B1.1, and that this error resulted in a procedurally unreasonable sentence. He also argues that the district court "denied Mr. Carswell the benefit he was entitled to receive for his cooperation" because the court could not have varied upward as the statutory maximum was 240 months' imprisonment.

As an initial matter, "a district court's refusal to apply a downward departure is within the court's discretion and may not be appealed, provided the court recognized that it had the power to so depart from the guideline range. Substantial-assistance departures under § 5K1.1 fall under this category." *United States v. Willis*, 649 F.3d 1248, 1258–59 (11th Cir. 2011) (internal citation omitted). Thus, we lack jurisdiction to review the refusal to grant a § 5K1.1 motion, "[b]ut where, as here, a ruling on a § 5K1.1 motion is challenged on the ground[] that the court misapplied the guideline[s], we [generally] review the ruling *de novo*." *United States v. Luiz*, 102 F.3d 466, 468 (11th Cir. 1996). However, because Carswell did not raise this argument below, we review only for plain error. *United States v. Vandergrift*, 754

F.3d 1303, 1307 (11th Cir. 2014).[2]   To establish plain error, Carswell must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights.  If all three conditions are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (alterations adopted) (quotations and internal citations omitted).

U.S.S.G. § 1B1.1 directs a district court to first determine the defendant's guidelines range before it considers any departure under Chapter 5 of the guidelines.  *See* U.S.S.G. § 1B1.1(a)–(b).  Contrary to Carswell's argument on appeal, the record establishes that the district court determined the guidelines range at the start of the sentencing hearing before it considered the § 5K1.1 motion.  Specifically, the district court confirmed that the parties had no objections to the PSI and that they agreed that Carswell's offense level was 43 with a criminal history category of VI, which resulted in a guidelines range of the statutory maximum.  The district court then heard arguments from the parties concerning the § 5K1.1 motion and concluded that the § 5K1.1 motion and the

---

[2] In *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020), the Supreme Court held that where a defendant advocates for a particular sentence in the district court, he preserves a challenge to the substantive reasonableness of his sentence.  However, the Supreme Court expressly declined to address what is sufficient to preserve a procedural challenge.  *Id.* at 767.  Therefore, we continue to apply plain error review to unpreserved procedural challenges.

21-11708                Opinion of the Court                7

district court's decision that an upward variance would be appropriate cancelled one another out. Accordingly, the district court complied with the directive of U.S.S.G. § 1B1.1 and there was no error.

Carswell's remaining arguments that he was denied the benefit of his cooperation go to the district court's refusal to grant the substantial-assistance motion and are not reviewable. *Willis*, 649 F.3d at 1258–59. Accordingly, we affirm.

**AFFIRMED.**