Lloyd Wilson JENKINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25992.

United States Court of Appeals Fifth Circuit.

Dec. 18, 1968.

**874**

William W. Cardwell, Jr., Gadsden, Ala., for appellant.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Melton L. Alexander, Asst. U. S. Attys., Birmingham, Ala., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

Appellant Lloyd Wilson Jenkins was convicted by a jury of interstate transportation of a stolen automobile. At the trial, an FBI agent was permitted to testify without objection that no record of employment could be located for the individual from whom appellant claimed he purchased the stolen vehicle.

■ Appellant now maintains that the testimony of the agent was hearsay and that the failure of the trial judge to instruct the jury that it should be disregarded constitutes plain error, requiring a reversal of the conviction. See Rule 52 (b), Federal Rules of Criminal Procedure. The admission of hearsay evidence, however, in the absence of any objection, is not plain error affecting substantial rights where other evidence is sufficient to support the verdict. Smith v. United States, 5th Cir. 1965, 343 F.2d 539, 542.

If the testimony complained of is excluded, the remaining evidence is sufficient to justify the verdict because there is direct evidence of Jenkins' possession of a recently stolen vehicle which he admittedly transported in interstate commerce. Orser v. United States, 5th Cir. 1966, 362 F.2d 580.

■ Appellant also alleges that he was denied his constitutional right to a jury trial by the failure of the trial court to request motions and discuss objections to the charge in the presence of the jury, rather than in chambers. These matters were properly taken up outside the presence and hearing of the jury, and therefore did not affect appellant's right to a jury trial.

Accordingly, the judgment of the trial court must be and hereby is affirmed.