[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10881
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00031-MEF-TFM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN SUMMERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 8, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Kelvin Summers appeals his convictions and 160-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Summers asserts the district court erred when it: (1) permitted a Government Confidential Source (CS) to refresh his recollection by listening to audio, and viewing video evidence outside the presence of the jury; (2) denied Summers' motion for judgment of acquittal, or in the alternative, new trial because there was insufficient evidence to show a conspiracy to distribute crack cocaine; and (3) applied a two-level role enhancement pursuant to U.S.S.G. § 3B1.1(c). We address each issue in turn, and affirm Summers' convictions and sentence.

I.

Summers first asserts the district court erred when it allowed a CS to refresh his recollection by listening to audio recordings and viewing a videotape outside the presence of the jury. He further claims the court's actions "violated his rights to a fair trial, confrontation and effective assistance of counsel as guaranteed under the Sixth Amendment . . . and Rules 601 and 602 of the Federal Rules of Evidence."

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010), *cert. denied*, 131 S.

Ct. 186 (2010). Claims of constitutional error are reviewed de novo. *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008).

The district court did not abuse its discretion when it allowed the CS to refresh his recollection using audio and video recordings outside the presence of the jury. Our determination of this issue corresponds with Third Circuit precedent. *See United States v. American Radiator and Standard Sanitary Corp.*, 433 F.2d 174, 191 (3d Cir. 1970) (finding no abuse of discretion when the district court allowed the use of tapes and earphones to refresh a witness's memory). Furthermore, the CS was competent to testify to what he independently remembered after having his recollection refreshed. *See* Fed. R. Evid. 612; *United States v. Scott*, 701 F.2d 1340, 1346 (11th Cir. 1983).

In addition, there was no violation of Summers' Sixth Amendment right to a jury trial and to confront the witnesses against him. First, because the audio and video had not yet been admitted into evidence, the court did not err in allowing the CS to refresh his recollection with those recordings outside the presence of the jury. *See Jenkins v. United States*, 404 F.2d 873, 874 (5th Cir. 1968) (holding that matters "properly taken up outside the presence and hearing of the jury . . . [do] not affect an appellant's right to a jury trial."). Further, Summers had a full opportunity to effectively cross-examine the witness about his memory lapse, his

3

potential bias, his criminal history, and his recollection of the events in this case. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994) ("the Constitution is offended only when the defendant is denied the opportunity effectively to attack the credibility of the prosecution's witness[].").[1]

## II.

Summers next contends the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to establish beyond a reasonable doubt that he agreed to possess with intent to distribute crack cocaine. Specifically, he claims there was no evidence showing he was near the apartment where the drug deal occurred, or that the evidence introduced by the Government clearly established his involvement in the drug conspiracy.

We review a district court's denial of a motion for judgment of acquittal de novo, applying the same standard used in reviewing sufficiency of the evidence. *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). In reviewing the sufficiency of the evidence, we view "the evidence in the light most favorable to the government," resolving "any conflicts in favor of the government and

---

[1] We decline to consider Summers' ineffective assistance of counsel claim because he raised it on direct appeal, and the district court has not had the opportunity to consider this issue or develop a factual record. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) ("[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record.").

accept[ing] all reasonable inferences that tend to support the government's case." *Williams*, 527 F.3d at 1244. We will affirm "a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* (quotation omitted).

To prove that a defendant conspired to possess crack cocaine with the intent to distribute, the government must prove "that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001). The government may prove the defendant's participation in the conspiracy without direct evidence if "a common purpose and plan may be inferred from a development and collocation of circumstances." *Id.* (quotations omitted).

There was sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that Summers knowingly agreed to possess with intent to distribute crack cocaine. *See Williams*, 527 F.3d at 1244. The evidence showed Summers sent the CS to an apartment where Summers' co-conspirators were waiting to sell crack cocaine under the terms to which Summers and the CS had agreed. *See McDowell*, 250 F.3d at 1365.

## III.

Lastly, Summers contends the district court erred in applying a two-level sentence enhancement under U.S.S.G. § 3B1.1(c). Specifically, he claims the evidence adduced at trial did not show he asserted control or influence over his co-defendant Sylvester Vaughn.[2]

A § 3B1.1(c) enhancement is appropriate if the defendant asserted control or influence over "at least one other participant in the crime." *United States v. Glover*, 179 F.3d 1300, 1302 (11th Cir. 1999). We have previously held that a district court did not clearly err in giving a § 3B1.1(c) enhancement where a defendant found a seller, set the price of the drug, and determined a time and location. *See United States v. Otero*, 890 F.2d 366, 367 (11th Cir. 1989).

The district court did not err in applying the § 3B1.1(c) enhancement. The court found that Summers directed his co-conspirators inside the apartment to sell crack cocaine to the CS and this finding was not in clear error. Accordingly, we affirm Summers' convictions and sentence.

**AFFIRMED.**

---

[2]We review "findings of fact for clear error" and the application of the Sentencing Guidelines *de novo*. *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009).